[No. 225-2.    Division Two.    October 12, 1971.]

ARMAND F. ROBERGE, *Appellant,* v. HOQUIAM SCHOOL DISTRICT No. 28, *Respondent.*

*Armand F. Roberge,* pro se.

*John W. Schumacher* (of *Schumacher & Charette*), for respondent.

PEARSON, J.—Plaintiff-appellant, Armand F. Roberge, appeals from a dismissal of his suit against the defendant, Hoquiam School District No. 28.

The facts giving rise to the action are these. On May 2, 1968, plaintiff was a teacher at Emerson Elementary School in Hoquiam. He was then teaching under a contract with defendant for the 1967-1968 school year, which contract had been renewed on April 15, 1968 for the ensuing year. In the afternoon of that date, the principal of Emerson came to plaintiff's classroom and delivered a notice signed by the secretary of the school board to the effect that his employment was immediately terminated and that his 1968-1969

contract was cancelled. The notice set forth three reasons for the discharge which generally stated were: (1) insubordination; (2) violating school policy in the administration of corporal punishment; and (3) unprofessional conduct. He was directed to turn in his keys and forthwith leave the school premises.

It is clear that at this point under RCW 28.58.450[1] as interpreted by *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 385 P.2d 367 (1963), the district had not properly discharged plaintiff, because as stated in *Foster* at page 32:

> The statute is clear and unambiguous. If a board attempts to discharge a teacher without giving him notice of its finding of probable cause and an opportunity to request a hearing 10 days before his discharge becomes effective, "such employee shall not be discharged for the duration of his or her contract."

However, plaintiff consulted a Seattle attorney, who gave the school district written notice that plaintiff requested a hearing before the board of directors. A hearing date was arranged for May 16, 1968. Later, plaintiff engaged a Tacoma attorney, who requested and was granted a postponement of the hearing until the evening of May 23, 1968.

On the day of the scheduled hearing, the attorney for plaintiff initiated telephone negotiations with defendant's attorneys in an attempt to reach a settlement. During the negotiations, defendant offered to pay plaintiff his remaining 1967-1968 salary, drop all charges of unprofessional conduct, and cancel the scheduled hearing. In return, plaintiff was to resign, request the cancellation of his 1968-1969 contract, and waive any contract renewal or other employment rights. This offer was orally accepted by telephone, following which plaintiff and his attorney drove to Aberdeen from Tacoma, where the agreement was reduced to

---

[1]RCW 28.58.450 was modified by the extraordinary session of the 1969 legislature, effective July 1, 1970, but such changes are not before us. *See* RCW 28A.58.450.

writing and signed by plaintiff and his attorney.[2] In conjunction with the agreement, plaintiff tendered his resignation in writing.[3] That evening the school board, in special

---

[2]

"Mr. Armand Roberge

"Mr. Paul Braune, Attorney

"Mr. Armand Roberge having submitted his written resignation effective upon the conclusion of the 1967-1968 school year and his request for cancellation of the 1968-1969 teaching contract heretofore signed by him, it is agreed that Hoquiam School District No. 28 will cancel its efforts to discharge Mr. Roberge, including the charges filed and the hearing scheduled for May 23, 1968. Mr. Roberge will receive the balance of his contract salary for the 1967-1968 school year which shall be paid monthly in the same manner as other teachers receive payment.

"The foregoing has been orally approved by the district's board of directors and will, together with Mr. Roberge's written resignation, be submitted for formal board action at the earliest opportunity.

"Dated this 23rd day of May, 1968.

(signed)

"John W. Schumacher
"Attorney for Hoquiam School
"District No. 28.

"Approved May 23, 1968:

(signed)

"Armand Roberge

(signed)

"Paul Braune
"Attorney for Mr. Roberge"

[3]

"Board of Directors
"Hoquiam School District No. 28
"Hoquiam, Washington
"Gentlemen:

"Effective as of the close of the current 1967-1968 school year, I hereby resign my position as a teacher in Hoquiam School District No. 28. I request that the teaching contract heretofore issued to me by the school district for the school year 1968-1969 be cancelled.

"By this action it is my intention to waive any and all statutory rights I may have in regard to the renewal of my teaching contract with Hoquiam School District No. 28 and to further employment by said school district.

"Yours truly,
"Armand Roberge"

session, accepted plaintiff's resignation and confirmed the settlement agreement. The hearing on the dismissal was cancelled.

■ On July 19, 1968, plaintiff filed a pleading with the superior court entitled "Complaint" in which he alleged that he had been suspended from his job as schoolteacher by "false charges," and that as a result of the charges he had suffered damages in the nature of mental anguish, loss of reputation, and alienation of students. This complaint was filed by plaintiff pro se.[4] No summons was filed or served for over a year. (*See* CR 3.) However, defendant's general appearance, in our opinion, cured this jurisdictional defect and in any event defendant does not assert that the defect in process was fatal.

The trial court quite properly ruled that on the above facts the principal issue for determination was whether or not plaintiff's resignation was voluntary and therefore an effective waiver of his statutory and contract rights. *Lande v. South Kitsap School Dist. 402*, 2 Wn. App. 468, 469 P.2d 982 (1970).

After considering plaintiff's testimony, the trial court factually found:

> There is no competent evidence to indicate that the plaintiff, Mr. Roberge, was coerced or compelled into signing his resignation of May 23, 1968, nor is there any evidence tending to indicate that Mr. Roberge was induced into signing said resignation by false pretenses.

The court then concluded:

> Plaintiff's resignation and request for cancellation of the 1968-1969 teaching contract was his free and voluntary act with advice of legal counsel.

The record supports these findings and conclusions, but in any event they were not properly challenged as required by CAROA 42(g)1(iii).

Likewise, the trial court's finding that defendant had not breached the agreement is supported by the record. .

---

[4]Plaintiff did represent himself throughout the trial and appellate stages of this suit.

568

Lastly, we think the trial court correctly concluded that plaintiff's suit could not properly be considered as an appeal to the superior court from his dismissal of May 2, 1968. RCW 28.58.460 required that such an appeal must be taken "within thirty days after his . . . receipt of such decision . . ." Since plaintiff, in fact, voluntarily resigned after receiving the notice of dismissal, there was no school board action from which to appeal.

Judgment of dismissal affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied November 15, 1971.

Review denied by Supreme Court December 13, 1971.