[No. 1350–3. Division Three. May 2, 1977.]

LEON NEIFFER, *Appellant,* v. JIM A. FLAMING, *Respondent.*

*Kenneth C. Hawkins,* for appellant.

*Blythe B. Caw, Greg A. Rubstello,* and *Caw & Caw,* for respondent.

MUNSON, C.J.—Plaintiff, Leon Neiffer, appeals an order granting summary judgment and dismissing the action against the defendant, Jim A. Flaming.

March 1, 1970, Neiffer and Flaming entered into a 5–year lease of farmland located in Grant County. This lease, which was to terminate December 31, 1974, provided that Flaming pay $22,500 rent at a rate of $2,250 the 15th of each February and November during its term. The lease further provided that the lessee, Flaming, was to pay all taxes and assessments, except that the lessor, Neiffer, was to pay the real estate taxes. Flaming subsequently took possession of the property and farmed it during the lease period.

Flaming had difficulty in locating Neiffer in order to make the February 15, 1974, rent payment. Eventually, this payment was sent to Neiffer by certified mail, return receipt requested, but such letter was refused. Neiffer gave Flaming a notice to terminate the lease and commenced this action to regain possession. Flaming deposited with the clerk of court an amount sufficient to cover the then over-due rent and interest, the filing fee, statutory attorney's fees and the cost of service. Flaming also paid the outstanding weed assessments.

Flaming then moved for summary judgment, asserting he had complied with RCW 7.28.250[1] before judgment, that he was entitled to continued possession and that the action should be dismissed. Neiffer then filed an affidavit opposing Flaming's motion asserting, contrary to the terms of the lease, that Flaming had removed valuable permanent fixtures and installations from the property without his consent. Subsequently, Flaming filed an affidavit controverting Neiffer's assertion, but acknowledging that he had moved and stored on the premises both a portable irrigation system and several hundred feet of fence.

Based upon RCW 7.28.250 and the affidavits on file, the court granted Flaming's motion for summary judgment and dismissed the case. We affirm.

In an action by a landlord to recover possession of the premises for the tenant's failure to pay rent, RCW 7.28.250 allows the tenant to deposit with the court the rent due, plus interest and costs of the action and to perform all the necessary covenants under the lease. Once the tenant has taken these necessary actions, he may continue in possession under the terms of the lease. After Flaming had complied with RCW 7.28.250, Neiffer's only remaining valid claim was his general contention that Flaming had committed waste by removing several valuable permanent fixtures and installations without his consent and in contravention to the lease agreement. This assertion was refuted and specific facts were set forth in Flaming's responding affidavit.

A summary judgment under CR 56 is proper only when the facts are viewed in the light most favorable to the

---

[1] RCW 7.28.250 states:

"When in the case of a lease of real property and the failure of tenant to pay rent, the landlord has a subsisting right to reenter for such failure; he may bring an action to recover the possession of such property, and such action is equivalent to a demand of the rent and a reentry upon the property. But if at any time before the judgment in such action, the lessee or his successor in interest as to the whole or a part of the property, pay to the plaintiff, or bring into court the amount of rent then in arrear, with interest and cost of action, and perform the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease."

party opposing the summary judgment and there is no genuine issue of material fact. *Morris v. McNicol,* 83 Wn.2d 491, 519 P.2d 7 (1974). The purpose of summary judgment is to prevent useless trials. Flaming supported his motion for summary judgment with evidentiary facts, thus requiring Neiffer to set forth specific facts in order to prevent the summary judgment. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975); *W.G. Platts, Inc. v. Platts,* 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). Neiffer failed to set forth any specific facts that would support his allegations of waste. The trial court properly granted Flaming's motion and dismissed the action.

We affirm.

GREEN and McINTURFF, JJ., concur.