MURIEL MATTHIES, *Appellant,* v. ARTHUR R. KNODEL, ET AL, *Respondents.*

*J. Benedict Zderic,* for appellant.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, Claude M. Pearson,* and *Robert D. Nelson,* for respondents.

PER CURIAM.—Muriel Matthies appeals from a summary judgment dismissing her cause of action on the ground that it was barred by the statute of limitations.

On April 18, 1975, Matthies served a summons and complaint on Knodel, alleging that he committed malpractice in the handling of a divorce entered on April 20, 1972. On April 30, 1975, a notice of appearance was served on Matthies' attorney, and in a letter Knodel's attorney stated: "If you have filed this cause, will you give us the clerk's filing number, so that we may file our pleadings?" Subsequently, on May 28, 1975, Knodel's attorney filed a notice of oral examination of Matthies, and the examination was held on June 12, 1975. Although Matthies had served Knodel with the summons and complaint on April 18, 1975, the summons and complaint were not filed until August 6, 1975. Knodel filed a notice of appearance on September 4, 1975, and on September 12, filed an answer alleging the affirmative defense that the action was barred by the statute of limitations. Knodel's subsequent motion for a summary judgment of dismissal was granted.

The sole issue presented is whether the trial court erred in granting Knodel's motion for summary judgment on the ground that the action was barred by the statute of limitations.

RCW 4.16.080(3) requires that actions for legal malpractice be commenced within 3 years from the date the client discovers, or in the exercise of reasonable diligence, should have discovered, the facts which gave rise to the cause of action. *Peters v. Simmons,* 87 Wn.2d 400, 552 P.2d 1053 (1976). In this case, there is no contention that the statute of limitations started to run later than April 20, 1972, the date of the entry of the final decree of divorce, the supporting findings of fact, and conclusions of law. Thus, Matthies had 3 years from April 20, 1972, within which to commence her cause of action.

Under CR 3(a), a civil action is commenced by the service of a summons or by the filing of a complaint; however, "[a]n action shall not be deemed commenced for the purpose of tolling any statute of limitations unless pursuant to the provisions of RCW 4.16.170," which provides in part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. . . . If the action is commenced by service on one or more of the defendants . . ., the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, . . . the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Under this statute, an action is tentatively commenced by the service of summons, and the statute of limitations is tolled pending filing of the complaint within 90 days of service. *See Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977).

Here, Matthies tentatively commenced her cause of action within the applicable statute of limitations by serving the summons and complaint on April 18, 1975. The statute was tolled pending the filing of the complaint within 90 days. Since the summons and complaint were filed on August 6, 1975, which was more than 90 days after service, the action was not timely commenced. Matthies argues, however, that her failure to timely commence the action was not fatal because Knodel's actions following

service preclude him from raising the defense of the statute of limitations.

█ Matthies first contends that by making a general appearance on April 30, 1975, which was within the 90–day tolling period, Knodel waived any claim that the action was not timely commenced. Matthies relies upon Annot., 82 A.L.R.2d 1200 (1962), which provides:

> Generally, a general appearance by defendant in an action against him in a court having jurisdiction of the subject matter confers jurisdiction of his person, regardless of the fact that process was not served upon him, or of the fact that the process or service thereof may have been defective. It has been said that by entering his general appearance a defendant cures any defect in the form of process. Thus, it has been held that a general appearance *prior* to the expiration of the applicable limitation period cures any defects in the form of process and that a defendant cannot, after the period of limitations has run, claim that the action was not properly commenced in time.

(Footnotes omitted.) While this may have previously been the rule, *see Lee v. Debentures, Inc.,* 8 Wn.2d 353, 112 P.2d 142 (1941), *Holmes v. Toothaker,* 52 Wn.2d 574, 328 P.2d 146 (1958), *Roberge v. Hoquiam School Dist. 28,* 5 Wn. App. 564, 490 P.2d 121 (1971), the distinction between a general and special appearance has been abolished under the Superior Court Civil Rules. *See Wright v. Yackley,* 459 F.2d 287 (9th Cir. 1972); *Orange Theatre Corp. v. Rayherstz Amusement Corp.,* 139 F.2d 871 (3d Cir. 1944), *cert. denied,* 322 U.S. 740, 88 L. Ed. 1573, 64 S. Ct. 1057 (1944); *Ward v. Gibson,* 340 So. 2d 481 (Fla. Dist. Ct. App. 1976); 2A Moore, *Federal Practice* ¶ 12.12 (2d ed. 1975); 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1344 (1969). As Professor Meisenholder states in 3A L. Orland, Wash. Prac. at 34 (1968):

> That a notice of appearance will have its former effect in connection with default procedures seems clear, but it appears that its former effect as a general appearance is inconsistent with the operation of Rule 12(b) which otherwise makes a special appearance unnecessary.

There is a waiver of certain defenses under the civil rules if they are not affirmatively pleaded in the answer pursuant to CR 8, or included in a motion made pursuant to CR 12(b). 3A L. Orland, Wash. Prac., *supra* at 33–34; 5 A. Wright & C. Miller, *supra* at § 1394. Knodel timely pleaded the defense of the statute of limitations in the answer, and the notice of appearance did not result in a waiver.

Matthies further contends, however, that in addition to serving a notice of appearance, Knodel sent a notice of oral examination and took Matthies' deposition. Matthies argues that these actions were taken within 90 days of the serving of the summons and complaint upon Knodel, and should be considered conduct inconsistent with his later assertion that the statute of limitations had run. We disagree. There may be situations where a defendant's actions preclude him from later arguing that the statute of limitations has run:

> If a defendant fails to raise the defense . . . by timely motion or answer the defense is waived. . . . However, this is not the only manner in which the defense can be waived. "A defendant may, by his actions or conduct, waive the defense even if he does attempt to assert it by motion, answer, or otherwise." . . . As pointed out in Wright & Miller Federal Practice and Procedure: Civil § 1344, the elimination of the former distinction between special and general appearance does not mean that interposing Rule 12(b) defenses and objections within the time allowed to answer or move will protect a litigant against loss of his personal jurisdiction, venue, and service of process under all circumstances. If the court considers a defendant's conduct sufficiently dilatory or inconsistent with the later assertion of one of these defenses such conduct will be declared a waiver.

(Citations omitted.) *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 154–55, 203 S.E.2d 769 (1974). Although *Simms* was not concerned with the defense of the statute of limitations, the same rule applies. Knodel's actions here in serving Matthies with a notice of oral examination and in taking a deposition were reasonably taken to determine whether a defense existed, including whether the statute of

limitations had run. They were not inconsistent with the later assertion that the statute of limitations was a bar.

Matthies also contends that Knodel is estopped from asserting the defense of the statute of limitations because

> numerous discussions between Plaintiff's attorney and Defendant resulted in the agreement that Kitsap County would be used as the forum for this action in order to reduce public exposure of the case in Defendants' home county and as a practical matter, the Summons and Complaint were not filed earlier so that Defendant, a practicing attorney in Pierce County, would not be exposed to the unfavorable press coverage resulting from the filing of the Complaint.

Brief of Appellant at 3. This contention was argued to the trial court in opposition to the motion for summary judgment; however, Matthies has not filed affidavits or otherwise presented competent evidence pursuant to CR 56. As was stated in *LaPlante v. State,* 85 Wn.2d 154, 158, 531 P.2d 299 (1975):

> When a motion for summary judgment is supported by evidentiary matter, the adverse party may not rest on mere allegations in the pleadings but must set forth specific facts showing that there is a genuine issue for trial.

*See Neiffer v. Flaming,* 17 Wn. App. 440, 563 P.2d 1298 (1977). Although a defendant may, under certain circumstances, be estopped from asserting the defense of the statute of limitations, *see Martin v. Spokane,* 55 Wn.2d 52, 345 P.2d 1113 (1959), Annot., 43 A.L.R.3d 429 (1972), under the record before us, there is no material issue of fact concerning estoppel.

Finally, Matthies contends that, pursuant to CR 5(d)(2) and CR 6(b), the time for filing of the complaint should have been extended in the interest of justice. This contention is not supported by authority and does not appear meritorious on its face. In addition, these arguments are made for the first time on appeal.

Affirmed.