1 P.3d 1124 (2000)
141 Wash.2d 29
Kay LYBBERT and Norma Lybbert, husband and wife, and the marital community composed thereof, Respondents,
v.
GRANT COUNTY, STATE OF WASHINGTON, Petitioner.
No. 67805-7.
Supreme Court of Washington, En Banc.
Decided June 8, 2000.
*1125 Leavy, Schultz & Fearing, George Fearing, John Schultz, Kennewick, John Knodell, Grant County Prosecutor, Stephen Hallstrom, Deputy, Ephrata, for Petitioner.
George Ahrend, Spokane, for Respondents.
Russell Hauge, Kitsap County Prosecutor, Shelley E. Kneip, Cassandra Noble, Deputy's, Port Orchard, for Amicus Curiae on Behalf of Washington Association of Prosecuting Attorneys.
Graham Black, Michael R. Kenyon, Issaquah, for Amicus Curiae on Behalf of Washington State Association of Municipal Attorneys.
*1126 Michael King, Jodi A. McDougall, Seattle, for Amicus Curiae on Behalf of Washington Defense Trial Lawyers.
Christine O. Gregoire, Attorney General, Narda D. Pierce, Solicitor General, Maureen A. Hart, Asst., Olympia, for Amicus Curiae on Behalf of Attorney General's Office.
Bryan P. Harnetiaux, Debra Leigh Stephens, Spokane, for Amicus Curiae on Behalf of Washington State Trial Lawyers Association.
ALEXANDER, J.
Kay and Norma Lybbert brought suit against Grant County (hereinafter County) for personal injuries they allegedly sustained in an automobile accident on a Grant County road. The County thereafter moved for a summary judgment dismissing the Lybberts' suit, contending that service of process by the plaintiffs was defective. The trial court agreed with the County and dismissed the suit, concluding that the plaintiffs failed to properly serve their summons and complaint on the County within the applicable statute of limitations. The Court of Appeals reversed the trial court, holding that the County was not entitled to rely on the affirmative defense of insufficient service of process because (1) it had waived the defense and/or (2) was equitably estopped from asserting it. We granted the County's petition for review and now affirm the Court of Appeals on the basis that the County waived the defense of insufficient service of process.
The Lybberts claim that they were both injured in early 1993 when their automobile struck a hole in a Grant County road. On August 30, 1995, the Lybberts filed a summons and complaint in the Adams County Superior Court in which they sought damages from the County for the injuries they contend they sustained as a consequence of the County's alleged failure to maintain its roadway in a safe condition.[1] Pursuant to RCW 4.28.080(1), the Lybberts were required to serve their summons and complaint on the County auditor.[2] They mistakenly served process on the administrative assistant to the County commissioners. Nonetheless, a few days after the "service," counsel for the County filed a notice of appearance in which it was indicated that the County was not "waiving objections to improper service or jurisdiction." Clerk's Papers (CP) at 13.
For the next nine months the County acted as if it were preparing to litigate the merits of the case that the Lybberts were attempting to mount against it. For example, shortly after filing its notice of appearance the County served the Lybberts with interrogatories, requests for production, and a request for a statement setting forth general and special damages. In this discovery effort, the County made no inquiry regarding the sufficiency of the service of process. The County also associated counsel from an outside law firm and duly filed a "notice of association of counsel." CP at 15. Thereafter, one of the attorneys for the County had conversations over the telephone with the Lybberts' attorney about insurance coverage and potential mediation. During these contacts, the attorney for the County did not make any mention of an issue surrounding sufficiency of the service of process. The Lybberts' attorney claims that one of the attorneys for the County told him that the County was working on its answer to the complaint and that it would be provided "as soon as possible." CP at 30.
On February 29, 1996, the Lybberts' attorney served one of the attorneys for the County with interrogatories and a request for production of documents. One interrogatory *1127 asked the County whether it would be relying on the affirmative defense of insufficient service of process.[3] In April of 1996, a County sheriff's detective, ostensibly acting on behalf of the County, contacted the Lybberts' attorney in order to ascertain what type of information the Lybberts were requesting in their interrogatories. According to an affidavit from the Lybberts' attorney, the detective said that the County would fully cooperate in providing all of the requested discovery information.
On May 6, 1996, the Lybberts responded to the County's interrogatories, as well as to its requests for production and statement of damages. On June 21, 1996, the County filed its answer to the Lybberts' complaint and asserted, for the first time, the affirmative defense of insufficient service of process. The County then filed a motion for summary judgment, based on the alleged insufficient service of process, and requested that the case against it be dismissed on the ground that the applicable statute of limitations had run on the Lybberts' claim.[4] The trial court granted the County's motion and dismissed the Lybberts' complaint with prejudice. The Lybberts appealed to Division Three of the Court of Appeals. The Court of Appeals reversed the trial court, holding that the County waived the defense of insufficient service of process and was equitably estopped from asserting it. We granted the County's petition for review.

DISCUSSION

I. Scope of Review
On appeal of summary judgment, the standard of review is de novo, and the appellate court performs the same inquiry as the trial court. Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 197-98, 943 P.2d 286 (1997). When ruling on a summary judgment motion, the court is to view all facts and reasonable inferences therefrom most favorably toward the nonmoving party. Weyerhaeuser Co. v. Aetna Cas. & Sur. Co., 123 Wash.2d 891, 897, 874 P.2d 142 (1994). A court may grant summary judgment if the pleadings, affidavits, and depositions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ruff v. County of King, 125 Wash.2d 697, 703, 887 P.2d 886 (1995); see also CR 56(c).
The County argues that the Court of Appeals' decision, with respect to waiver and equitable estoppel, conflicts with precedent from this court as well as case law from Divisions One and Two of the Court of Appeals. The Lybberts counter that if this court concludes that the County waived the defense of insufficient service of process or is equitably estopped from asserting it, such a conclusion would be consonant with the cases from this court as well as cases from Divisions One and Two of the Court of Appeals. We discuss both equitable estoppel and waiver in turn.

II. Equitable Estoppel
The Lybberts argue here, as they did at the Court of Appeals, that the County is equitably estopped from asserting the defense of insufficient service of process. Equitable estoppel is based on the notion that "a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon." Kramarevcky v. Department of Soc. & Health Servs., 122 Wash.2d 738, 743, 863 P.2d 535 (1993) (quoting *1128 Wilson v. Westinghouse Elec. Corp., 85 Wash.2d 78, 81, 530 P.2d 298 (1975)). The elements of equitable estoppel are: "(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission." Board of Regents v. City of Seattle, 108 Wash.2d 545, 551, 741 P.2d 11 (1987). Where both parties can determine the law and have knowledge of the underlying facts, estoppel cannot lie. Chemical Bank v. Washington Pub. Power Supply Sys., 102 Wash.2d 874, 905, 691 P.2d 524 (1984). Equitable estoppel must be shown "by clear, cogent, and convincing evidence." Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1, 124 Wash.2d 816, 831, 881 P.2d 986 (1994).
We are satisfied that the Lybberts have established two of the elements of equitable estoppel. In that regard, it is readily apparent that the County acted in a way that was inconsistent with its eventual assertion of the defense of insufficient service of process. For nine months following its attorneys' appearance in response to the Lybberts' duly filed summons and complaint, the County gave multiple indications that it was preparing to litigate this case. Only after the statute of limitations appeared to have run on the Lybberts' claim did it raise the affirmative defense of insufficient service of process. Furthermore, allowing the County to assert the defense of insufficient service of process after the statute of limitations has run would be injurious to the Lybberts because they would be without a forum in which to pursue their claim against the County.
We are satisfied, though, that the Lybberts have not established that they justifiably relied on the actions of the County's counsel. We reach that conclusion because the statute governing service of process on counties is explicit in specifying that the county auditor is the person who is to be served with process. RCW 4.28.080(1). Given the clear statutory mandate to serve the county auditor, it was not at all reasonable, much less justifiable, for the Lybberts to rely on the County's failure to expressly claim, prior to the expiration of the statute of limitations, that the service upon it was ineffective. See Overhulse Neighborhood Ass'n v. Thurston County, 94 Wash.App. 593, 972 P.2d 470 (1999) (holding unambiguous mandate of statutory service provisions made reliance unreasonable); Davidheiser v. Pierce County, 92 Wash.App. 146, 154, 960 P.2d 998 (1998) (rejecting equitable estoppel claim because clarity of statutory provision precluded any reasonable reliance), review denied, 137 Wash.2d 1016, 978 P.2d 1097 (1999); Landreville v. Shoreline Community College Dist. No. 7, 53 Wash.App. 330, 332, 766 P.2d 1107 (1988).
The Landreville case, with which we are in agreement, is particularly illustrative of the point that the Lybberts' reliance was not justifiable. There a process server left a copy of the summons and complaint with an administrative assistant to the attorney general despite the fact that the statute pertinent to that case required that service be made upon the attorney general. The plaintiff argued there that the defendant should be estopped from asserting the defense of insufficient service of process because the attorney general's administrative assistant represented that she had authority to accept service of process. The Landreville court disagreed with that argument, holding that because of the clear language of the service statute it was unreasonable for the plaintiff to rely on the actions of the attorney general's assistant. The Lybberts argue that Landreville is distinguishable because there the plaintiffs were relying on the actions of an administrative assistant rather than the actions of the defendant's counsel, as was the case here. This appears to us to be a distinction without a difference. The fact remains that in the instant case, as in Landreville, a statute explicitly indicates who is to be served with process. In light of the clarity of the statute, any reliance on action or inaction on the part of either or both of the County's counsel is not justifiable.
Before leaving this issue, we note that in resolving the equitable estoppel issue in favor of the Lybberts, the Court of Appeals *1129 placed emphasis on what it described as a duty on the part of the government to conduct litigation "in a manner above reproach" and to be "scrupulously just in dealing with its citizens." Lybbert v. Grant County, 93 Wash.App. 627, 634, 969 P.2d 1112, review granted, 138 Wash.2d 1002, 984 P.2d 1034 (1999). In light of that duty, the court opined, counsel for the County "should have raised the issue of insufficient service prior to the expiration of the statute of limitations." Lybbert, 93 Wash.App. at 634, 969 P.2d 1112. While we agree with the basic proposition that the government should be just when dealing with its citizens,[5] we do not believe that an attorney representing the government has a duty to maintain a standard of conduct that is higher than that expected of an attorney for a private party. If we were to impose such a heightened duty on attorneys for the government we would be creating a two-tiered system of advocacy, one for legal representatives of the government and the other for counsel of private parties. We are loathe to do so, particularly in light of the generally recognized view, embodied in the Preliminary Statement to the Rules of Professional Conduct, to the effect that "the rules should be uniformly applied to all lawyers, regardless of the nature of their professional activities." (Emphasis added.)
In sum, even after viewing the evidence in the light most favorable to the Lybberts, we are satisfied that they have not established the element of justifiable reliance by clear, cogent, and convincing evidence. Therefore, the County is not equitably estopped from asserting the defense of insufficient service of process. This does not mean, however, that the defense is available to the County if it was waived. That is the issue to which we now turn.

III. Waiver
The Lybberts, citing the common law doctrine of waiver, claim that the County is precluded from asserting the defense of insufficient service of process because it acted in an inconsistent and dilatory manner. This court has discussed the doctrine of waiver in this context on only one occasion. See French v. Gabriel, 116 Wash.2d 584, 806 P.2d 1234 (1991). In that case we recognized the viability of the doctrine, but concluded that under the facts of that case the defendant had not waived the defense. Significantly, all three divisions of the Court of Appeals of this state have also recognized the common law doctrine of waiver. See Clark v. Falling, 92 Wash.App. 805, 813, 965 P.2d 644 (1998) (Division One); Davidheiser v. Pierce County, 92 Wash.App. 146, 155, 960 P.2d 998 (1998), review denied, 137 Wash.2d 1016, 978 P.2d 1097 (1999) (Division Two); Romjue v. Fairchild, 60 Wash.App. 278, 281, 803 P.2d 57, review denied, 116 Wash.2d 1026, 812 P.2d 102 (1991) (Division Three). Under the doctrine, affirmative defenses such as insufficient service of process may, in certain circumstances, be considered to have been waived by a defendant as a matter of law. The waiver can occur in two ways. It can occur if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior. Romjue, 60 Wash.App. at 281, 803 P.2d 57. It can also occur if the defendant's counsel has been dilatory in asserting the defense. Raymond v. Fleming, 24 Wash.App. 112, 115, 600 P.2d 614 (1979) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1344, at 526 (1969)), review denied, 93 Wash.2d 1004 (1980).
We believe the doctrine of waiver is sensible and consistent with the policy and spirit behind our modern day procedural rules, which exist to foster and promote "the just, speedy, and inexpensive determination of every action." CR 1(1). If litigants are at liberty to act in an inconsistent fashion or employ delaying tactics, the purpose behind *1130 the procedural rules may be compromised. We note, also, that the common law doctrine of waiver enjoys a healthy existence in courts throughout the country, with numerous federal and state courts having embraced it. See, e.g., Trustees of Cent. Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 732 (7th Cir.1991) (observing that "[a] party may waive a defense of insufficiency of process by failing to assert it seasonably"); Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1096 (2d Cir.1990); Marcial Ucin, S.A. v. S.S. Galicia, 723 F.2d 994, 997 (1st Cir.1983); Kearns v. Ferrari, 752 F.Supp. 749, 752 (E.D.Mich.1990); Burton v. Northern Dutchess Hosp., 106 F.R.D. 477, 481 (S.D.N.Y. 1985); Tuckman v. Aerosonic Corp., 394 A.2d 226, 233 (Del.Ch.1978); Joyner v. Schiess, 236 Ga.App. 316, 512 S.E.2d 62 (1999).
Despite embracing this doctrine of waiver, we quickly add that the doctrine does not alter the traditional duties litigators owe to their adversaries. Those duties, which are memorialized in the Rules of Professional Conduct and refined by case law from this court, remain the same. See RPC 3.4; Sherman v. State, 128 Wash.2d 164, 184-85, 905 P.2d 355 (1995); see also Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 858 P.2d 1054 (1993). Our holding today merely underscores the importance of preventing the litigation process from being inhibited by inconsistent or dilatory conduct on the part of litigants.
We are satisfied, in short, that the doctrine of waiver complements our current notion of procedural fairness and believe its application, in appropriate circumstances, will serve to reduce the likelihood that the "trial by ambush" style of advocacy, which has little place in our present-day adversarial system, will be employed. Apropos to the present circumstances of this case, one court has acknowledged that
[a] defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.
Santos, 902 F.2d at 1096.
In applying the doctrine, we first observe that there are no material facts in dispute.[6] It is, therefore, appropriate for this court to apply the doctrine of waiver to the undisputed material facts to determine if the County is precluded from asserting the defense of insufficient service of process in this case. In this process, the well-reasoned decision of the Court of Appeals in Romjue v. Fairchild, 60 Wash.App. 278, 803 P.2d 57, is instructive. There, a process server did not make proper service on the defendants. Nevertheless, the defendants' attorney filed a notice of appearance and subsequently served plaintiff's attorney with interrogatories and a request for production of documents. The attorney for the plaintiff responded to the discovery requests and then served the defendants with his own interrogatories and requests for production of documents. Plaintiff's attorney also sent a letter to the defendants' attorney stating, "it is my understanding that the defendants have been served in the above matter [Romjue v. Fairchild]." (Alteration in original) (emphasis omitted). Romjue, 60 Wash.App. at 281, 803 P.2d 57. The attorney for the defendants did not respond to this letter, but instead waited for the statute of limitations to run and then asserted the defense of insufficient service of process. The issue there, as here, was whether the defendants waived the defense by participating in discovery and failing to assert the defense prior to the expiration of the statute of limitations.
The Romjue court quite properly noted that the mere act of engaging in discovery "is not always tantamount to conduct inconsistent with a later assertion of the *1131 defense of insufficient service." Romjue, 60 Wash.App. at 281, 803 P.2d 57. This is so because in some circumstances it may be entirely appropriate for a party to engage in discovery to determine if the facts exist to support a defense of insufficient service. Romjue, 60 Wash.App. at 281, 803 P.2d 57; see also Matthies v. Knodel, 19 Wash.App. 1, 5-6, 573 P.2d 1332 (1977) (observing that deposition was taken to find out if defense existed for the defendant). The Romjue court went on to conclude, however, that the defendants' discovery efforts were inconsistent with the later asserted defense because it was not geared toward elucidating facts relating to a defense of insufficient service of process. The court took particular note of the letter the plaintiff's attorney sent to the defendants' attorney, prior to the expiration of the statute of limitations, expressing the plaintiff's understanding that service of process had been effected on the defendants. The court concluded that by engaging in discovery and ignoring the letter, the defendants waived the defense of insufficient service of process that was asserted only after the time clock had run out.
The County's conduct was similar to that of the defendants in Romjue. In particular, we note that the County's discovery efforts were not aimed at determining whether there were facts that supported the defense of insufficient service of process. Indeed, because the process server's affidavit was filed by the plaintiffs, the County knew or should have known that the defense of insufficient service of process was available to it.[7] Moreover, the County did more than just undertake discovery. As noted above, its detective contacted Lybberts' counsel in order to make certain that the County correctly understood the nature and extent of the Lybberts' interrogatories. Furthermore, there were telephone calls between counsel for the respective parties at which there was a discussion about potential mediation.[8] Of particular significance is the fact that the Lybberts served the County with interrogatories that were designed to ascertain whether the defendant was going to rely on the defense of insufficient service of process. Had the County timely responded to these interrogatories, the Lybberts would have had several days to cure the defective service. The County did not answer the interrogatories but instead waited until after the statute of limitations expired to file its answer and for the first time assert the defense.
The County asserts that because the Lybberts were several months tardy in providing answers to the County's discovery requests, the Lybberts cannot fault it for its delay in answering discovery and asserting the defense. We disagree. The record reveals that the Lybberts' delay in answering was justified because they "were still actively treating and that complete answers to interrogatories, which were served in October 1995, would be delayed so that a complete history of the injuries and damages could be submitted." CP at 36. This reason stands in stark contrast to that provided by the County, which was that the County "routinely avoid[s] answering a complaint, until a motion for default is brought." CP at 164.
It is also of no significance to our waiver analysis that the notice of appearance, filed by one of the attorneys for the County, included a statement that counsel was appearing "without waiving objections to improper service or jurisdiction." CP at 13. That is so because we have said that the mere appearance by a defendant does not preclude the defendant from challenging the sufficiency of service of process. Adkinson v. Digby, Inc., 99 Wash.2d 206, 209, 660 P.2d *1132 756 (1983); see also Matthies, 19 Wash.App. at 4, 573 P.2d 1332. Thus, even if the caveat had not been included, the County could have challenged the sufficiency of the service of process. In other words, it was not necessary for the County to indicate that it was appearing "without waiving objections to improper service" in order to subsequently challenge the service of process. Since the filing of a notice of appearance without including the caveat cannot constitute a waiver of the defense, we see no reason why filing the notice of appearance with the caveat should serve as a vehicle to preserve it.
According to the dissent, the County did not waive the defense because it "filed a notice of appearance expressly reserving the right to assert the defense of insufficient service of process." Dissenting op. at 1135. To the degree the dissent suggests that a notice of appearance is the functional equivalent of an answer or other responsive pleading, we disagree. The civil rules require that the defense of insufficient service of process be brought forth in a pleading. See CR 12(b) ("Every defense ... shall be asserted in the responsive pleading...."). The rules are quite clear as to what constitutes a pleading. See CR 7(a) (A pleading is one of the following: a complaint, an answer, a reply to a counterclaim, an answer to a cross claim, a third party complaint, and a third party answer.). Absent from this list is a notice of appearance.
Finally, the County argues that if we were to affirm the Court of Appeals on the waiver issue, such a decision would conflict with this court's decision in French v. Gabriel, 116 Wash.2d 584, 806 P.2d 1234. We disagree, being satisfied that our decision today is in complete harmony with French. In French, the plaintiff argued that the defendant waived the defense of insufficient service of process by filing an untimely answer, objecting to a trial date, taking a deposition, and consenting to amendment of the complaint. The plaintiff also argued that the defendant waived the defense because he delayed in filing his answer to the complaint. We held there was no waiver because the defendant preserved the defense by pleading it prior to objecting to the trial date, taking a deposition, and consenting to amendment of the complaint. French, 116 Wash.2d at 594, 806 P.2d 1234; see also Voicelink Data Servs., Inc. v. Datapulse, Inc., 86 Wash.App. 613, 625, 937 P.2d 1158 (1997) (participating in substantive discovery did not waive defense since it was plead prior to engaging in discovery); Crouch v. Friedman, 51 Wash.App. 731, 735, 754 P.2d 1299 (1988) (raising defense in answer prior to engaging in discovery is sufficient to preserve the defense). Moreover, the answer, although late, was filed more than a year before the statute of limitations extinguished the plaintiff's claim. Although we expressed displeasure at the defendant's failure to file a timely answer, we noted that "`mere delay in filing an answer does not constitute a waiver of an insufficient service defense.'" French, 116 Wash.2d at 593-94, 806 P.2d 1234 (quoting French v. Gabriel, 57 Wash.App. 217, 222, 788 P.2d 569, review granted, 114 Wash.2d 1026, 793 P.2d 976 (1990)).
By contrast, here, the County failed to preserve the defense by pleading it in its answer or other responsive pleading before proceeding with discovery. Instead, it engaged in discovery over the course of several months and then, after the statute of limitations had apparently extinguished the claim against it, it asserted the defense. French does not remotely stand for the proposition that it is acceptable for a defendant to lie in wait, engage in discovery unrelated to the defense, and thereafter assert the defense after the clock has run on the plaintiff's cause of action.[9]

*1133 CONCLUSION
For the reasons stated above, we conclude that the County is not equitably estopped from asserting the defense of insufficient service of process. It did, however, by the actions of its representatives waive the defense. We, therefore, affirm the result reached by the Court of Appeals.
SMITH, JOHNSON, SANDERS, IRELAND, JJ., and SHIELDS, J.P.T., concur.
MADSEN, J. (dissenting).
The majority purports to apply the common law doctrine of waiver, but instead creates a rule where waiver of the defense of insufficient service of process will be found in virtually every case. The majority states that the defense of insufficient service of process is waived in situations where a process server's affidavit is filed (imputing knowledge to the defendant of the effectiveness of service), and phone calls and interrogatories have been exchanged before the defense is raised. This is not the standard applied by the cases the majority relies on and, if applied to future cases, will be the harshest standard of common law waiver in the country.
Under the doctrine as it is generally defined, a defense of insufficient service of process may be waived by dilatory conduct or conduct inconsistent with assertions of the defense. Raymond v. Fleming, 24 Wash. App. 112, 114-15, 600 P.2d 614 (1979). However, in examining both Washington cases and cases from other jurisdictions, it becomes apparent that purposeful or misleading conduct is required before courts will find a waiver. Indeed, the case law strongly supports the conclusion that not only must the defendant's conduct be dilatory or inconsistent with assertions of the defense, the circumstances also must establish that the defendant actually knew of the defense and remained silent or engaged in conduct which misled the plaintiff.
In Washington, for example, in the case upon which the majority chiefly relies, the party claiming the defense had actual knowledge that plaintiff was relying on proper service and intentionally misled the opposing party as to the effectiveness of the service. Romjue v. Fairchild, 60 Wash.App. 278, 282, 803 P.2d 57 (1991). Additionally, cases from other jurisdictions in which the common law doctrine has been applied involve conduct which ranges from intentionally misleading conduct spanning several years prior to the defendant's answer to postanswer conduct clearly illustrating an "[i]ntentional relinquishment or abandonment of a known right or privilege" because of actual knowledge of improper service. Tuckman v. Aerosonic Corp., 394 A.2d 226, 229 (Del.Ch.1978) (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938)); see also Marcial Ucin, S.A. v. S.S. Galicia, 723 F.2d 994 (1st Cir.1983); Joyner v. Schiess, 236 Ga.App. 316, 512 S.E.2d 62 (1999) (postanswer conduct of engaging in discovery and continuances not enough to illustrate intentional relinquishment of defense). None of the cases relied on by the majority impute actual knowledge of ineffective service to the defendants based on the process server's affidavit.
The majority's guidelines leave the doctrine of common law waiver of the affirmative defense with no meaning at all since the majority fails to distinguish between circumstances which exist in nearly every casethe process server's affidavit, phone conversations, and exchanged interrogatoriesand conduct exhibiting actual knowledge of deficient service or conduct intended to mislead. The majority's analysis also improperly and unfairly shifts the burden of proper service to the defendant where, as here, the defendant made attempts to reserve the defense, and the facts do not show either actual knowledge of improper service or effort on the defendant's part to mislead the plaintiff. Therefore, I respectfully dissent.
In French v. Gabriel, 116 Wash.2d 584, 806 P.2d 1234 (1991), this court addressed the *1134 viability of the common law doctrine of waiver of the defense of insufficient service of process and distinguished between conduct that did not waive the defense and conduct that did. To illustrate the type of conduct required to find waiver, the French court pointed to the conduct in Raymond, 24 Wash.App. at 115, 600 P.2d 614. French, 116 Wash.2d at 592-93, 806 P.2d 1234. In Raymond, the plaintiff improperly served the defendant. Raymond, 24 Wash.App. at 114, 600 P.2d 614. After filing a notice of appearance, the defendant repeatedly asked for more time in response to plaintiff's repeated requests for an answer to the complaint. Id. at 114, 600 P.2d 614. Almost eight months after defendant's first notice of appearance, the plaintiff in Raymond moved for an order of default or, in the alternative, an order compelling answers to interrogatories. Id. Thereafter, the defendant obtained two continuances past the expiration date for proper service of process. Id. This dilatory and clearly inconsistent conduct, coupled with plaintiff's attempts to compel action, constituted sufficient grounds to conclude that the defendant there had waived his affirmative defense of insufficient service of process. Id. at 115, 600 P.2d 614.
After comparing the conduct in Raymond with the conduct of the defendant before it, the French court declined to find a waiver. Although the plaintiff made repeated requests, the defendant did not ask for more time for an answer or more time to obtain court continuances. French, 116 Wash.2d at 593, 806 P.2d 1234. This court agreed with the Court of Appeals that "`[w]hile not to be condoned, a mere delay in filing an answer does not constitute a waiver of an insufficient service defense.'" Id. at 593-94, 806 P.2d 1234 (citing French v. Gabriel, 57 Wash. App. 217, 222, 788 P.2d 569 (1990)).
The majority relies on Romjue, 60 Wash. App. 278, 803 P.2d 57, to support its application of the waiver doctrine. In Romjue, the plaintiff improperly served the defendant's mother. Romjue, 60 Wash.App. at 280, 803 P.2d 57. Approximately one month after the defendant's attorney filed a notice of appearance, and after the defendant's attorney had received the process server's affidavit, the plaintiff's attorney sent a letter which stated in part, "it is my understanding that the defendants have been served in the above matter [Romjue v. Fairchild]." Id. at 281, 803 P.2d 57 (emphasis omitted). The defendant's attorney did not respond to the letter and later asserted the defense of insufficient service of process after the statute of limitations had expired. Id. at 282, 803 P.2d 57. Based on the receipt of the letter, the court concluded that the defendant had actual knowledge that the plaintiff believed service was proper and that the defendant "reli[ed] upon the defective service, yet he chose to say nothing until after the statute of limitation had expired." Id.
Although the court in Romjue noted that the parties had exchanged interrogatories and defense counsel had the process server's affidavit, the deciding factor for the court was the plaintiff's letter to the defendants, sent before the statute of limitations had run, stating that the plaintiff believed service was proper. Based on the defendant's receipt of this letter, the court concluded that the defendant had actual knowledge of the improper service and his failure to respond to the letter misled the plaintiff. Id. at 281-82, 803 P.2d 57. Thus, as in Raymond, the Romjue court did not rely upon the existence of a process server's affidavit or the fact that the parties had conversed but instead relied on other conduct clearly indicating defendant's knowledge or intention to mislead.
In the present case, we have neither the facts of Raymond nor the facts of Romjue. Unlike Romjue, nothing here indicates the defendant in this case actually knew service was improper and relied upon defective service, misleading the plaintiffs by choosing to say nothing until the statute of limitations expired and, unlike Raymond, there is no purposefully misleading conduct in the form of court continuances. The only conduct here, filing of a process server's affidavit, phone conversations, and exchanges of interrogatories, does not indicate knowledge nor is the plaintiff's conduct inconsistent with assertion of the defense. Consistent with Romjue, this court should not find that the mere exchange of interrogatories, communications between the parties, and the process *1135 server's affidavit are sufficient for waiver. Rather, as in Romjue, this court should require a showing that the defendant actually knew that plaintiffs were relying on effective service. Romjue, 60 Wash.App. at 282, 803 P.2d 57.
Unfortunately, the majority here places undue emphasis on the process server's affidavit, reasoning that the defendant either knew or should have known that the plaintiffs were relying on valid service because of the process server's affidavit. However, the plaintiffs in every case anticipate that service is effective. By holding that the process server's affidavit is enough to impute to a defendant actual knowledge of improper service so that the defendant must assist the plaintiff to remedy the mistake, the court has effectively alleviated the plaintiff's duty to make effective service in the first place. Under this rule, the common law doctrine of waiver has no meaning because waiver will be found in every case where an affidavit exists and the defendant does not inform the plaintiff that service was defective.
Moreover, Grant County filed a notice of appearance expressly reserving the right to assert the defense of insufficient service of process. The majority cites Adkinson v. Digby, Inc., 99 Wash.2d 206, 660 P.2d 756 (1983), and dismisses this fact by asserting that since mere appearance by a defendant does not preclude the defense of insufficient service, then a notice of appearance reserving the defense should not serve as a vehicle to preserve the defense. Adkinson involved a defendant, who upon learning that the plaintiff intended to effect service, filed a notice of appearance prior to service specifically stating that the defendant appeared "without waiving objections to proper service...." Adkinson, 99 Wash.2d at 207-08, 660 P.2d 756. Actual service on the defendant that was not made until after the statute of limitations had passed and the defendant then asserted the defense of insufficient service of process. Id. This court held that the defendant could argue insufficient service because CR 4(d)(5) provided that "[a] voluntary appearance of a defendant does not preclude his right to challenge ... insufficiency of process...." Id. at 209. Adkinson merely clarified CR 4(d)(5) and did not suggest that appearance by the defendant cannot serve to reserve the defense of insufficient service of process. Here, the notice of appearance, along with the nonexistence of misleading conduct, illustrates the County's clear intention to assert the defense, not a clear intention to waive it. Moreover, the Lybberts' attorney was on notice that the defendants would assert the defense.
The majority contends, though, that the actions of the Lybberts are not at issue in determining whether Grant County waived the defense of insufficient service. The decision in French is to the contrary. There, this court found it significant in French that the plaintiff never complained about the lateness of the defendant's answer. In fact, this court stated, "once [the defendant] was late in filing his answer, French could have moved for a default judgment pursuant to CR 55(a). He chose not to." French, 116 Wash.2d at 593, 806 P.2d 1234. Thus, the actions of the nonwaiving party have been significant in the only previous case in which this court addressed the issue of waiver of the defense of insufficient service.
The Lybberts could have moved for a default judgment. They chose not to. The Lybberts' attorney also chose not to bring a motion to compel discovery under CR 37(a) nor a request for admission of proper service under CR 36, and did not confirm in writing or phone conversations with the County that effective service had been accomplished. Instead, two months after sending their interrogatories, the Lybberts' attorneys merely requested in writing that Clark County send responses to interrogatories "at your earliest convenience." Clerk's Papers (CP) at 57 and 63.[1] Effecting proper service and determining *1136 whether service is proper is the duty of the attorney filing the claim, not the attorney defending the claim.
Because the facts do not indicate that Grant County intended to mislead the Lybberts regarding the sufficiency of process, it is of little import that Grant County contacted the Lybberts' attorney to discuss other unrelated matters. The majority states that the relevant facts are not in dispute, but both parties contest the number and content of the communications between them. It is clear, however, that Grant County received the Lybberts' interrogatories six months after the complaint was filed and a detective working for Grant County called the Lybberts' attorney to clarify the content of the questions. An attorney for Grant County may have also briefly mentioned state-sponsored mediation during one phone conversation. However, these facts do not show that the plaintiffs at any time informed the defendant that they were relying on proper service. None of the facts supports a conclusion that the attorneys for Grant County intended to mislead the Lybberts and wait for the statute of limitations to expire. An affidavit, phone conversations, and exchanged interrogatories are simply not enough to show common law waiver of the defense of insufficient service of process.
The majority correctly asserts that the doctrine of common law waiver of the affirmative defense of insufficient service of process is well established in courts throughout our country. While that is true, after examining the cases the majority offers to support this contention, I find that the doctrine of waiver is not applied with such severity as the majority applies it here.
Some jurisdictions have applied the common law doctrine of waiver in situations where the defendants' misleading conduct spans several years. For example, defense counsel in Marcial Ucin, 723 F.2d 994, filed a notice of appearance, engaged in 13 depositions over a period of four years, and only then moved for an entry of default against the plaintiff for failure to properly serve the defendant. Id. at 997. The court held that the defendants waived the defense because their prejudgment conduct was clearly inconsistent with the later assertion of the defense. Id. Similarly, while the court in Kearns stated that Fed.R.Civ.P. 12(h) "[did] not preclude waiver by implication[,]" the Kearns court held that the defendants had waived the defense because they had repeatedly stipulated to extensions of time to answer the complaint over a period of four years and filed these stipulations with the court, but at no time actually reserved the right to contest the sufficiency of process. Kearns v. Ferrari, 752 F.Supp. 749, 751 (E.D.Mich.1990) (citing Marquest Med. Prods., Inc. v. EMDE Corp., 496 F.Supp. 1242, 1245 n. 1 (D.Colo.1980)).
Other jurisdictions have applied the waiver doctrine only where the defense failed to raise the defense prior to judgment. In Trustees of Cent. Laborers' Welfare Fund v. Lowery, 924 F.2d 731 (7th Cir.1991), the court held that the defendants waived the defense of insufficient service of process after failing to assert it either prior to default judgment or after postjudgment proceedings spanning nearly six years. Id. The Trustees court stated that the six years of postjudgment conduct "led both the court and the plaintiffs to believe that a valid judgment had been obtained against them." Id. at 733.
The facts of the lower appellate decisions of Burton v. Northern Dutchess Hosp., 106 F.R.D. 477 (S.D.N.Y.1985), and Tuckman v. Aerosonic Corp., 394 A.2d 226 (Del.Ch.1978), are also dissimilar to the facts of this case. In Burton, the defendants seasonably preserved the defense of insufficient service, but then waived the defense by failing to make a motion to dismiss the complaint during the succeeding three and one-half years of extensive discovery, requests for continuances, and *1137 transfer of the case from Connecticut to New York. Burton, 106 F.R.D. at 481. In Tuckman, a year after filing a notice of appearance, the defendant learned that a recent United States Supreme Court decision had held that parts of the Delaware service statute were unconstitutional. Tuckman, 394 A.2d at 227 (citing Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). The court emphasized that waiver of a known right in a civil case must involve a "knowing and voluntary waiver." Tuckman, 394 A.2d at 229 (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938)). The defendant subsequently waived the defense by continuing to engage in discovery and failing to assert the defense, or show reason for delay, after the defendant had actual knowledge of the implications of the Shaffer decision. Tuckman, 394 A.2d at 232-33.
In Joyner, 236 Ga.App. 316, 512 S.E.2d 62, the defendant had asserted the defense of insufficient service in both his answer and responses to interrogatories seven months after the complaint. Id. at 317, 512 S.E.2d 62. The court stated that "[a]fter a party has properly raised such a defense, it will only be found waived if the party later engages in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible.'" Joyner, 236 Ga.App. at 317, 512 S.E.2d 62 (quoting Heis v. Young, 226 Ga.App. 739, 740, 487 S.E.2d 403 (1997)). The Joyner court held that the defendant's conduct in engaging in discovery after asserting the defense did not manifest a clear intent to relinquish the defense. Id. at 318, 512 S.E.2d 62 (distinguishing Tate v. Leres, 59 Ga.App. 6, 200 S.E. 325 (1938) (defendant waived the defense by failing to assert the defense and allowing the case to proceed to trial)). Significantly, while Georgia requires a manifest intent to relinquish the defense so that no other reasonable explanation is possible, the Joyner court also dismissed as hearsay evidence plaintiff counsel's affidavit that asserted defense counsel expressly stated they did not intend to pursue the insufficiency of service defense. Id. at 319, 512 S.E.2d 62.
None of the cases cited by the majority has applied common law doctrine of waiver to the limited conduct at issue hereprejudgment conduct involving a notice of appearance, limited communications between the parties, and an assertion of the defense in the first court pleading 10 months after the complaint was filed. To the contrary, waiver has been applied in other jurisdictions only to purposeful and misleading conduct or postanswer actual knowledge of improper service. As these cases illustrate, the doctrine of common law waiver in other jurisdictions is not as harsh or broad as the rule the majority proposes today.
Finally, the majority states that its decision is consistent with the traditional duties litigators owe their adversaries and is consistent with the duties expressed in Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 858 P.2d 1054 (1993). The Fisons decision was limited to persistent, misleading, and egregious action which prevented the plaintiffs from obtaining information solely in the hands of the defendants. That is not this case. Moreover, unlike the plaintiffs in Fisons who had no control over the defendants violation of the discovery rules, the plaintiffs in this case could have easily discovered their own service of process mistake by looking to the applicable service of process statute, RCW 4.28.080(1), and existing case law. See Nitardy v. Snohomish County, 105 Wash.2d 133, 712 P.2d 296 (1986) (holding that substantial compliance with the provisions of RCW 4.28.080(1) is no defense to improper service of process, the service must exactly comply with the statute's provisions). In fact, CR 4(d) outlines the proper process for service and specifically refers to RCW 4.28.080.[2]
In sum, unlike Raymond, Grant County did not ask for additional time to answer the *1138 complaint or interrogatories, and unlike Romjue, did not receive a letter from the Lybberts which directly expressed their reliance on proper service. The County expressly reserved the right in its notice of appearance to argue the claim. At no point during limited communications between the parties did Grant County ever express an intent to waive the defense of insufficient service or attempt to mislead the Lybberts. Grant County's actions simply do not constitute inconsistent conduct illustrating relinquishment of the right to assert the defense of insufficient process. Therefore, I dissent.
GUY, C.J., concurs.
TALMADGE, J., concurs in result only.
NOTES
[1] A plaintiff has the option to sue in the superior court of the county where the injury occurred, "or in the superior court of either of the two nearest counties." RCW 36.01.050 (emphasis added).
[2] RCW 4.28.080 states in pertinent part: "Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:

"(1) If the action be against any county in this state, to the county auditor."
[3] Interrogatory No. 65 states, in pertinent part: "If your answer to Plaintiffs' Complaint sets forth any of the following as an affirmative defense or if you plan on alleging any such defenses when you do answer the Complaint, state with particularity all facts upon which each affirmative defense is based: ...

". . . .
"(c) Insufficiency of service or process." CP at 54-55.
[4] The alleged injury occurred on March 8, 1993. Thus, the statute of limitations would not extinguish the Lybberts' claim until May 7, 1996. See RCW 4.96.020(4) ("No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.")
[5] It is true, as the Court of Appeals noted, that this court has previously indicated that the government should be "scrupulously just" when dealing with its citizens. See State ex rel. Shannon v. Sponburgh, 66 Wash.2d 135, 143, 401 P.2d 635 (1965). We held there that the government needed to act "scrupulously just" when it is acting in a regulatory capacity. Our rationale for requiring the government to act in such a manner was consistent with our notion of due process, which precludes the government from acting in an arbitrary and capricious manner. Here, the County was not acting as a regulatory body and, thus, the "scrupulously just" language of Sponburgh is not applicable in the present context.
[6] The only factual dispute is whether one of the County's attorneys, George Fearing, had a telephone conversation with the Lybberts' attorney, prior to June of 1996. We find this dispute immaterial. Whether or not Mr. Fearing conversed with the Lybberts' attorney is of no significance because it is undisputed that the other attorney for the County, Stephen Hallstrom, indicated that he had telephone conversations with the Lybberts' attorney on more than one occasion prior to June of 1996.
[7] The dissent asserts that "the Romjue court did not rely upon the existence of a process server's affidavit" in finding waiver. Dissenting op. at 1134. We disagree with the dissent's reading of Romjue. That court explicitly noted that "the record indicates Mr. Fairchild's counsel should have known of this defense when he received the copy of the process server's affidavit from Mr. Romjue's counsel, some 3 weeks before he initiated discovery." Romjue, 60 Wash.App. at 281, 803 P.2d 57. It is apparent to us the existence of the process server's affidavit figured prominently in the court's waiver calculus.
[8] One of the attorneys for the County conceded that he told the Lybberts' attorney that "the County had historically participated in mediation when requested and that he did not see why the County would not in this instance." CP at 129-30.
[9] The County also argues that if we affirm the Court of Appeals on the issue of waiver it would conflict with this court's decision in Nitardy v. Snohomish County, 105 Wash.2d 133, 712 P.2d 296 (1986). Once again, we disagree. Nitardy is not applicable to this case. In that case, a disgruntled employee of Snohomish County sued the County but served the wrong government agent. Snohomish County engaged in discovery, and then after the statute of limitations had expired on the employee's claim it moved to have the lawsuit dismissed. The trial court granted the motion and this court accepted review. Nitardy argued before this court that service was effective because she "substantially complied" with the dictates of RCW 4.28.080, an argument we rejected. Nitardy did not argue that the County waived its defense by failing to preserve it and then engaging in discovery. Nitardy, in sum, provides no guidance on the issue of waiver.
[1] Although CR 33 requires answers to interrogatories within 30 days, the rules also provide that this period can be extended or modified by written stipulation of the parties. It seems reasonable that where the defendants allowed the plaintiffs more time to fully answer interrogatories and understood from the plaintiffs' written communication that they also had additional time to answer interrogatories, such failure to answer should not reflect negatively upon the defendants. In fact, after the Lybberts requested answers to the interrogatories "as soon as possible" (June 10, 1996), Grant County sent the answers. Clerk's Papers at 60, 63. See, e.g., CR 33(a)  "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories...." A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to CR 29. Unless the court orders otherwise, the parties may by written stipulation, "modify the procedures provided by these rules for other methods of discovery." CR 29(2).
[2] CR 4(d) service  "(1) Of Summons and Complaint. The summons and complaint shall be served together.

"(2) Personal in State. Personal service of summons and other process shall be as provided in RCW 4.28.080-.090 ... and other statutes which provide for personal service."