# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

ELIZABETH S. WASSON,

                Respondent,

        v.

ANDREW O. SORENSEN, a single
man; JACQUELINE L. YOUNG, a
single woman; ALL OTHER
OCCUPANTS IN POSSESSION,

                Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 69277-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 21, 2014

GROSSE, J. — Andrew Sorensen and Jacqueline Young appeal an order granting summary judgment and quieting title to real property, arguing the trial court abused its discretion by denying their motion to continue the summary judgment hearing until the Supreme Court issued its opinion in Bain v. Metropolitan Mortgage Group, Inc.[1] We disagree and affirm.

## FACTS

In April 2007, Andrew Sorensen purchased a house on NE 72nd Street in Redmond by obtaining a loan from National City Mortgage Co. Sorensen signed a promissory note and a deed of trust to secure the note. Sorensen executed a quit claim deed for an undivided half interest in the property to Jacqueline Young. Beginning in August 2009, Sorensen and Young failed to make timely payments on the loan. In March 2011, Deutsche Bank Trust Co., a successor in interest to the original lender, purchased the property at the trustee's sale. Sorensen and Young did not contest the nonjudicial foreclosure sale.

---

[1] 175 Wn.2d 83, 285 P.3d 34 (2012).

In November 2011, Elizabeth Wasson purchased the property from Deutsche Bank. After discovering that Sorensen and Young still lived at the property and refused to leave, Wasson filed a complaint for ejectment, quiet title, and unjust enrichment in January 2012. In their answer, Sorensen and Young admitted they were "unable to . . . restrain or invalidate the nonjudicial foreclosure sale." Sorensen and Young asserted as "affirmative defenses" to Wasson's claims that (1) Deutsche Bank never received a valid assignment of the loan or became the beneficiary of the deed of trust; (2) Deutsche Bank had no authority to appoint a successor trustee; and (3) the trustee's deed issued in March 2011 was void. Sorensen and Young requested dismissal of Wasson's claims.

In July 2012, Wasson filed a motion for summary judgment, arguing (1) publicly recorded documents demonstrate Deutsche Bank held valid title to the property, which it conveyed for value to Wasson; (2) Wasson is a bona fide purchaser and entitled to possession; and (3) Sorensen and Young waived any defenses related to the foreclosure in 2011 by failing to exercise pre-foreclosure remedies. Wasson provided publicly recorded documents and other evidence to establish the following facts in support of her motion: (1) Sorensen executed a deed of trust in April 2007 naming National City Mortgage as the lender and beneficiary and Transnation Title as trustee; (2) National City Mortgage assigned the deed of trust to Mortgage Electronic Registration Systems, Inc. (MERS) in 2007; (3) MERS assigned the deed of trust to Deutsche Bank in August 2010; (4) Deutsche Bank appointed Northwest Trustee Services, Inc. as successor trustee in August 2010; (5) Northwest Trustee Services held a trustee's sale on March 4, 2011, sold the property to Deutsche Bank, and issued

a trustee's deed; and (6) Deutsche Bank sold the property to Wasson in November 2011.

Sorensen and Young did not file a response to Wasson's motion for summary judgment. Instead, on August 2, 2012, they filed a motion to continue the hearing scheduled for Wasson's summary judgment motion for "at least four weeks after the Washington State Supreme Court issues its decision on the pending consolidated cases" of Bain v. Metropolitan Mortgage Group, Inc., (No. 86206-1) and Selkowitz v. Litton Loan Servicing, LP, (No. 86207-9). In those matters, the Supreme Court was considering three questions regarding the Washington State deed of trust act, chapter 61.24 RCW, certified by a federal district court judge presiding over two borrowers' suits for injunctive relief in pending nonjudicial foreclosures. Based on a declaration by their attorney describing the issues and briefing in those cases and predicting that the court would issue an opinion within a few weeks, Sorensen and Young argued that it made "good sense" to await the decision because it would "almost certainly directly affect the law applicable to this pending Motion for Summary Judgment." In particular, they argued that the expected decision would support their claim that the August 2010 assignment of the deed of trust from MERS to Deutsche Bank was void because MERS, which "never holds the Note even when it is named" as a beneficiary of a deed of trust or mortgage, cannot qualify as a lawful beneficiary under the deed of trust act.

In response to the motion to continue the summary judgment hearing and in further support of her motion for summary judgment, Wasson argued (1) Sorensen and Young failed to establish grounds for a continuance under CR 56(f); (2) Sorensen and Young failed to identify a material issue of fact for trial to preclude summary judgment;

3

(3) no authority supports granting a continuance to await the outcome of an unrelated dispute between other parties involving different facts; (4) publicly recorded documents in this matter explicitly assigned the underlying promissory note and deed of trust to MERS; and (5) Sorensen and Young did not present any evidence to create a material issue of fact for trial as to whether Wasson was a bona fide purchaser.

At a hearing on August 10, 2012, the trial court denied the motion for a continuance and granted Wasson's motion for summary judgment. The court found that (1) the Supreme Court's consideration of the identified cases "possibly will produce law that may . . . affect the applicable law in cases involving challenges to MERS' foreclosures;" (2) Sorensen and Young failed to present evidence to show the existence of an issue of material fact for trial; and (3) Wasson presented sufficient evidence to show "she holds valid legal title as a bona fide purchaser of the real property." The court quieted title in Wasson, ordered a writ of restitution for the premises, and granted Wasson her costs, statutory attorney fees, and terms against Sorensen and Young for unreasonable delay, but denied her request for damages for unjust enrichment. On August 16, 2012, the Supreme Court filed its opinion in <u>Bain v. Metropolitan Mortgage Group, Inc.</u>[2]

Sorensen and Young appeal.

## ANALYSIS

Sorensen and Young contend that the trial court abused its discretion by denying their request for a continuance of the summary judgment hearing, and that a trial is

---

[2] 175 Wn.2d 83, 285 P.3d 34 (2012).

required now that <u>Bain</u> has been decided. We review the denial of a motion for a continuance for abuse of discretion.[3]

A motion for summary judgment may be granted when there is no genuine issue for trial as to any material fact, and the moving party is entitled to judgment as a matter of law.[4] Mere allegations or conclusory statements of facts unsupported by evidence are not sufficient to establish a genuine issue.[5] Nor may the nonmoving party rely on "speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value."[6] We review summary judgment orders de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party.[7]

In support of their request for a continuance, Sorensen and Young offered nothing more than their attorney's speculation as to when the Supreme Court would issue an opinion and what that opinion would contain. But the trial court was not required to accept counsel's estimation regarding future Supreme Court decisions. Sorensen and Young fail to establish any abuse of discretion.

Moreover, the <u>Bain</u> decision does not change the outcome here. <u>Bain</u> held that MERS is "an ineligible 'beneficiary within the terms of the Washington [d]eed of [t]rust [a]ct,' if it never held the promissory note or other debt instrument secured by the deed of trust."[8] But, contrary to the prediction of counsel prior to the summary judgment

---

[3] <u>Turner v. Kohler</u>, 54 Wn. App. 688, 693-95, 775 P.2d 474 (1989).
[4] CR 56(c).
[5] <u>Baldwin v. Sisters of Providence in Wash., Inc.</u>, 112 Wn.2d 127, 132, 769 P.2d 298 (1989).
[6] <u>Seven Gables Corp. v. MGM/UA Entm't Co.</u>, 106 Wn.2d 1, 13, 721 P.2d 1 (1986).
[7] <u>Lybbert v. Grant County, State of Wash.</u>, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000).
[8] <u>Bain</u>, 175 Wn.2d at 110.

hearing, the Supreme Court declined in Bain to determine the legal effect of MERS acting as an unlawful beneficiary under the deed of trust act.[9] And even assuming Sorensen and Young could demonstrate irregularities in the foreclosure proceedings, because they failed to bring an action to enjoin the foreclosure sale, their only potential means to obtain relief is a claim for damages, i.e., a claim that does "not operate in any way to encumber or cloud the title to the property that was subject to the foreclosure sale."[10]

Sorensen and Young did not respond to Wasson's summary judgment motion with any evidence below and did not dispute the evidence Wasson produced to demonstrate her status as a bona fide purchaser of the property. A bona fide purchaser is "one who purchases property without actual or constructive knowledge of another's claim of right to, or equity in, the property, and who pays valuable consideration."[11] A bona fide purchaser is entitled to clear title.[12] Sorensen and Young do not now identify any evidence to suggest that Wasson had actual or constructive knowledge of any title defects or any equitable claims of others regarding the property. Because no genuine issue of material fact remained for trial, the trial court properly granted summary judgment to Wasson.

---

[9] Bain, 175 Wn.2d at 110-14. This court has recently rejected an argument that the designation of an ineligible entity as beneficiary of a deed of trust, standing alone, renders the deed of trust void. Walker v. Quality Loan Serv. Corp., 176 Wn. App. 294, 322-23, 308 P.3d 716 (2013).

[10] RCW 61.24.127(1)-(2)(e); see also Walker, 176 Wn. App. at 307.

[11] Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 573, 276 P.3d 1277 (2012).

[12] Glidden v. Municipal Auth. of Tacoma, 111 Wn.2d 341, 347, 758 P.2d 487 (1988); RCW 61.24.040(7).

Wasson requests an award of attorney fees for a frivolous appeal under RAP 18.9(a). "An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal."[13] On appeal, Sorensen and Young failed to articulate any error in the trial court's denial of the continuance under the proper standard of review, failed to accurately describe the Bain decision, and failed to identify any issue of fact requiring trial to preclude summary judgment. Their appeal therefore presents no debatable issues, and Wasson is entitled to attorney fees incurred in responding to this frivolous appeal.

The trial court's decision is affirmed. Wasson's request for attorney fees on appeal is granted, subject to compliance with RAP 18.1(d).

_____

WE CONCUR:

_____          _____

---

[13] Carlile v. Harbour Homes, Inc., 147 Wn. App. 193, 217, 194 P.3d 280 (2008).