FILED
JUNE 9, 2015
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CHARLIE Y. CHENG, | ) | |
| | ) | No. 32198-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPOKANE EYE CLINIC, | ) | UNPUBLISHED OPINION |
| JASON H. JONES, MD, and | ) | |
| ROBERT S. WIRTHLIN, MD, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Appellant Charlie Cheng appeals the summary judgment dismissal

of his medical malpractice action. We agree with the trial court that the lack of an expert

witness to support the claims doomed this action. The judgment is affirmed.

## FACTS

Mr. Cheng, an inmate at the Airway Heights Correctional Center, experienced

vision loss in his left eye. He was taken to the Spokane Eye Clinic (SEC) for treatment

on August 5, 2010. There two doctors diagnosed an infection. He was treated with

antibiotics and underwent a vitrectomy.[1] Due to pain following the vitrectomy, a third

---

[1] Vitrectomy involves the removal of the vitreous gel from the middle of the eye.

doctor at SEC eventually performed an enucleation (removal) of the left eye on September 3, 2010.

In June 2013, Mr. Cheng, acting pro se, mailed a copy of a summons and complaint by certified mail to SEC and the two doctors involved in the August treatment. Attorney James B. King responded for the three defendants June 19, 2013 by letter demanding that the action be filed in superior court. Mr. Cheng filed the action June 28, 2013. The complaint alleged tortious actions by governmental entities, contributory fault, negligence, res ipsa loquitur, vicarious liability, and lack of informed consent.

On July 6, 2013, Mr. Cheng asked the superior court for permission to serve the defendants by certified mail. The record does not reflect that permission was granted. A sheriff's deputy thereafter served a complaint on the first doctor by leaving it with an employee of SEC. A deputy sheriff left SEC's copy of the complaint with an attorney.

SEC and the first doctor jointly answered the complaint on July 30, 2013, asserting various defenses including lack of service and expiration of the statute of limitations. The second doctor did not answer the complaint until September 9. He did not challenge the timeliness of the action or the service of process.

SEC and the first doctor moved for summary judgment on October 8 on various theories, including lack of service and statute of limitations grounds. The second doctor filed his motion for summary judgment the following day. The trial court ultimately granted the motions for summary judgment on several grounds, including insufficient

2

service on SEC and the first doctor, a determination that negligence did not state a cause of action for Eighth Amendment purposes, and a conclusion that all claims failed due to lack of support by a medical expert.

Mr. Cheng, still pro se, filed an appeal to this court.

## ANALYSIS

Although the appeal asserts several theories challenging the summary judgment ruling, we need only address the one issue common to all defendants since it is dispositive of the appeal. That issue involves the absence of any medical expert support for the action.

Initially, however, we note the well settled standards governing review of this summary judgment appeal. The appellate court reviews those matters de novo, considering the same evidence presented to the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id.* If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id.*

Mr. Cheng's claims against the doctors and clinic involve both negligence and informed consent theories. Chapter 7.70 RCW. Although he eschews the label, a negligence action brought against medical professionals is considered to be a malpractice claim. *See* BLACK'S LAW DICTIONARY, 1044-45 (9th ed. 2004) (defining "malpractice"

3

as "An instance of negligence or incompetence on the part of a professional." BLACK'S at 1044; and defining "medical malpractice" as "A doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances." BLACK'S at 1044-45).

A cause of action for medical negligence requires the plaintiff to show that (1) the healthcare provider failed to exercise the requisite standard of care, and (2) such failure was a proximate cause of the plaintiff's injuries. RCW 7.70.040.

To defeat summary judgment in almost all medical negligence cases, the plaintiff must produce a medical expert witness establishing the elements. *Seybold v. Neu*, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001); *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 227-28, 770 P.2d 182 (1989). There are a few exceptions to the general rule necessitating an expert in medical malpractice cases. For example, no expert is needed when the facts are within the understanding of lay persons, such as "the negligence of amputating the wrong limb or poking a patient in the eye while stitching a wound on the face." *Young*, 112 Wn.2d at 228.

Although Mr. Cheng argues to the contrary, this is not one of those obvious exceptions. SEC did not remove or treat the wrong eye or poke his healthy eye while treating his unhealthy eye. Instead, the claim raises questions of complex medical conditions and treatment, such as the proper use and procedure for a vitrectomy and the proper course of antibiotic treatment for Mr. Cheng's ailment. An expert was necessary

4

here to establish the standard of care. The trial court correctly realized that Mr. Cheng's failure to list or elicit testimony from an expert was fatal to his medical negligence claim.

The same result applies to the informed consent theory. A cause of action for informed consent requires the plaintiff to prove:

> (a) That the health care provider failed to inform the patient of material fact or facts relating to the treatment;
>
> (b) That the patient consented to the treatment without being aware of or fully informed of such material fact or facts;
>
> (c) That a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact or facts; and
>
> (d) That the treatment in question proximately caused injury to the patient.

RCW 7.70.050.

RCW 7.70.050(2) defines a "material fact" as one to which significance would be attached in deciding whether or not to submit to the proposed treatment and has been defined by case law to mean a possible risk of a serious nature. *See Bays v. St. Luke's Hosp.*, 63 Wn. App. 876, 825 P.2d 319 (1992). Our courts have held that "expert testimony is required . . . to prove the existence of a risk, its likelihood of occurrence, and the type of harm in question. . . ." *Id.* at 881.

Mr. Cheng failed to list an expert witness to establish the necessary facts for his informed consent claim. Summary judgment in favor of defendants was proper on this basis.

Few medical treatment related causes of action can be litigated without expert testimony establishing the nature of the medical issue, the standard of care, and the defendant's alleged deviation from that standard. This case is not one of the rare exceptions. Accordingly, the trial court properly dismissed the action due to the absence of expert support for the claims.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.