**FILED**
**SEPTEMBER 1, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE ESTATE OF | ) | No. 32051-1-III |
| | ) | |
| PATRICK G. HERRIN, | ) | |
| | ) | UNPUBLISHED OPINION |
| Deceased. | ) | |
| | ) | |
| | ) | |

LAWRENCE-BERREY, J. — The trial court granted the personal representative's

summary judgment motion dismissing Gloria Aguilar's creditor's claim. In doing so, the

trial court determined that Ms. Aguilar's claim was too broad and imprecise, and that it

was barred by the three-year statute of limitations. Ms. Aguilar appeals. She makes

numerous arguments, none of which sufficiently refutes the central problem with her

creditor's claim: It was filed outside of the applicable statute of limitations. We,

therefore, affirm the summary judgment dismissal.

FACTS

Mr. Herrin and Ms. Aguilar lived together between 2005 and 2007. Less than one year after the parties separated, Ms. Aguilar filed a complaint against Mr. Herrin. The complaint sought a distribution of assets and liabilities. We will refer to this 2008 lawsuit as the committed intimate relationship (CIR) action.

On August 22, 2011, and while the CIR action was still pending, Mr. Herrin died. Michael Herrin, as personal representative (PR) for his father's estate, began a probate of the estate on October 28, 2011. The PR began publishing notice to creditors beginning in November 2011. The PR did not give actual notice to Ms. Aguilar. Despite this, Ms. Aguilar filed a creditor's claim in the probate matter. Her claim stated:

> **PLEASE TAKE NOTICE** that Gary Stenzel, attorney for Gloria Aguilar hereby files a Creditor's Claim in the above entitled matter, in an amount to be determined for her "community interest" in the deceased estate for her share of any and all real property acquired during her meretricious relationship with the deceased (See Cause no. 08 2 02387 1, filed in this court). Any and all payments, objections, motions or otherwise, regarding this claim should be served upon her counsel[.] This claim is for an amount to be determined by the court.

Clerk's Papers (CP) at 14.

On May 15, 2013, the PR filed a motion asking the court to approve payment to the creditor claims and close the estate. The PR informed the court of Ms. Aguilar's creditor's claim, but argued that her claim should not be addressed in the probate action

2

because it was not a claim against Mr. Herrin. Instead, the PR argued that Ms. Aguilar's claim was based on her personal property right that was acquired during the course of her relationship with Mr. Herrin. The PR also advised the court that Ms. Aguilar had a CIR action against Mr. Herrin pending at the time of Mr. Herrin's death. The PR argued that Ms. Aguilar had failed to substitute him as the estate's representative within four months of his appointment as required by RCW 11.40.110.

Ms. Aguilar objected to the closing. The trial court denied the motion to close the estate and transferred the matter to another judge, one who would be assigned both the CIR action and the probate matter. The CIR action eventually was dismissed, but the CIR dismissal order authorized "'[P]laintiff's probate claim related to her contributions for improvements to the decedent's home [to] be litigated in the Patrick Herrin probate [action].'" CP at 94.[1]

The PR then brought a motion for summary judgment in this, the probate matter. The PR argued that Ms. Aguilar's claim did not satisfy various requirements of

---

[1] The summary judgment order appealed from in this case does not designate any pleading from the CIR action. Ms. Aguilar filed a motion to supplement the clerk's papers to include a pleading from the CIR action—an August 2, 2013 Order Denying Plaintiff's Motion for Substitution. The PR has objected to Ms. Aguilar's motion to supplement, and our court commissioner referred the motion to this court. The PR notes that Ms. Aguilar fails to cite any court rule that would allow supplementation. We agree and deny Ms. Aguilar's motion to supplement.

RCW 11.40.070, and alternatively, that the claim was filed outside the three-year statute of limitations. The trial court granted the PR's motion on two bases. The first basis was that Ms. Aguilar's claim was too broad to comply with RCW 11.40.070, given the limited nature of the claim that was not dismissed in the probate matter. The second basis was that Ms. Aguilar's claim was barred by the three-year statute of limitations.

Ms. Aguilar appeals.

## ANALYSIS

Ms. Aguilar raises several arguments. As to whether the claim was sufficiently specific, she contends: (1) her claim was not substantially misleading, and (2) her claim need not be specific. As to whether her claim was timely, she contends: (1) because she was not served with notice of the claim, she had 24 months to file her claim, (2) the order of dismissal in the CIR action did not dismiss her unjust enrichment claim, and (3) even if the entire CIR action was dismissed, her 2008 lawsuit tolled the statute of limitations. Because the statute of limitations issue is dispositive, we discuss only those issues pertaining to that basis for dismissal.

An order granting summary judgment is reviewed de novo. *Veit v. Burlington N. Santa Fe Corp.*, 171 Wn.2d 88, 98-99, 249 P.3d 607 (2011). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions

4

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). On appeal, the reviewing court considers the same evidence presented to the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences to be drawn from them, are viewed in the light most favorable to the nonmoving party. *Id.*

1.      *Whether Ms. Aguilar had 24 months to file her claim*

RCW 11.40.051(1) states the general timeline for filing a claim in a probate matter. That provision states in relevant part:

> [A] person having a claim against the decedent is forever barred from making a claim or commencing an action against the decedent, *if the claim or action is not already barred by an otherwise applicable statute of limitations* . . . within the following time limitations:
>       (a) If . . . the creditor was given actual notice . . . within the later of: (i) Thirty days after the personal representative's service or mailing of notice to the creditor; and (ii) four months after the date of first publication of the notice;
>       (b) If . . . the creditor was not given actual notice . . . (ii) If the creditor was reasonably ascertainable . . . within twenty-four months after the decedent's date of death.

(Emphasis added.) Here, the issue is not whether the notice was timely within the limitations proscribed by RCW 11.40.051(1). It was timely under subsection (b). Rather,

5

the issue is whether the "*action [was] not already barred by an otherwise applicable statute of limitations.*" RCW 11.40.051(1). We address that issue later.

2.      *Whether any claim survived the dismissal of Ms. Aguilar's 2008 action*

Ms. Aguilar contends that the unjust enrichment portion of her CIR action survived dismissal. For purposes of our analysis, we will assume she is correct. But even if that portion of her CIR action was not dismissed, this does not mean it could necessarily survive a statute of limitations challenge if that theory was pursued in a separate and later-filed action.

3.      *Whether Ms. Aguilar's claim was barred by the statute of limitations*

Equity recognizes a remedy for a CIR action. Such a claim, based upon equity, is subject to a three-year statute of limitations. *In re Kelly*, 170 Wn. App. 722, 737, 287 P.3d 12 (2012). "A party must sue to establish that the relationship existed within three years of the end of the relationship." *Id.*

Here, Ms. Aguilar's creditor's claim was not allowed under RCW 11.40.051(1) because the underlying CIR action was barred by the three-year statute of limitations. The undisputed facts show that Ms. Aguilar and Mr. Herrin ended their relationship in September 2007. Ms. Aguilar's claim was thus time-barred after September 2010. Ms. Aguilar's April 17, 2012 claim was thus untimely.

4.     *Whether RCW 4.16.170 tolled Ms. Aguilar's statute of limitation so that her April 2012 claim was timely*

Ms. Aguilar contends that RCW 4.16.170 tolls the statute of limitations once the action is commenced until it is dismissed. She is incorrect. RCW 4.16.170 defines an action as being commenced by service or filing, provided that both service and filing occur within 90 days of each other. During this 90-day period, RCW 4.16.170 tolls the statute of limitations, provided that the filed action is served, or the served action is filed, within this tolling period. There is no authority for the proposition that RCW 4.16.170 tolls the statute of limitations beyond the 90 days as set forth in the statute.

In conclusion, Ms. Aguilar's action was time-barred after September 2010. Her 2008 CIR action did not toll the statute of limitations so that her April 2012 creditor's claim in the probate matter was timely. Rather, as observed by the trial court, her failure to timely substitute the PR for the deceased in the CIR action was fatal. The trial court properly granted summary judgment in this, the probate matter.

No. 32051-1-III
*In re Estate of Herrin*

Affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                          Fearing, J.

8