IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICAH SCHNALL, | ) | No. 73522-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, MORTGAGE | ) | UNPUBLISHED OPINION |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, and JOHN DOES, inclusive | ) | |
| 1 through 20, | ) | |
| | ) | |
| Respondents. | ) | FILED: June 6, 2016 |

SCHINDLER, J. — Under the Deeds of Trust Act, chapter 61.24 RCW, only a properly appointed trustee may conduct a nonjudicial foreclosure. Where the trustee named in the deed of trust is replaced by a successor trustee, the successor trustee is "vested" with the powers of the original trustee only upon recording the appointment with the county auditor.[1] In this case, Deutsche Bank National Trust Company appointed a successor trustee to initiate nonjudicial foreclosure. The purported successor trustee transmitted the notice of default to the borrower. Because the appointment of the successor trustee was not recorded, the successor trustee was not properly appointed nor vested with the powers of the original trustee. We reverse the order of summary judgment and remand for further proceedings.

---

[1] RCW 61.24.010(2).

FACTS

In 2006, Micah Schnall borrowed $460,000 from Quicken Loans Inc. Schnall executed a promissory note dated October 30, 2006. The promissory note designates Quicken Loans as the "Lender" and "Note Holder." The promissory note requires Schnall to make periodic payments. The failure to make payments accelerates the maturity of the debt. The promissory note was secured by a deed of trust on Schnall's residential property in Redmond, Washington. The deed of trust is dated October 30, 2006 and signed by Schnall. The deed of trust identifies Quicken Loans as the lender and Stewart Title as the trustee.

At some point, Quicken Loans sold the loan to a securitized trust known as "IndyMac INDX Mortgage Loan Trust 2006—AR39, Mortgage Pass-Through Certificates, Series 2006-AR39."[2] Deutsche Bank National Trust Company serves as the trustee. On December 7, 2006, Deutsche Bank obtained the original promissory note. Because the original promissory note is indorsed in blank, Deutsche Bank became the holder of the note.

On August 1, 2009, Schnall stopped making payments on the promissory note.

On March 8, 2010, Deutsche Bank executed a limited power of attorney document giving loan servicer OneWest Bank FSB the authority to appoint a successor trustee. On August 19, 2010, OneWest Bank appointed Regional Trustee Services Corporation (RTS) as the successor trustee. Five days later on August 24, RTS transmitted a notice of default to Schnall.

---

[2] See Schnall v. Deutsche Bank Nat'l Trust Co., 177 Wn. App. 1033, 2013 WL 6097013, at *1. Although the parties do not dispute that this occurred, there are no documents in the record related to this transfer.

On September 24, a month after RTS transmitted the notice of default to Schnall, the document appointing RTS as successor trustee was recorded with the King County Auditor's Office. On the same day, RTS recorded a notice of trustee's sale that set a sale date in December 2010. The sale did not occur in December. RTS recorded a second notice of trustee's sale with a February 2011 sale date.

After Schnall filed for bankruptcy, the court stayed the February 2011 sale. The bankruptcy court denied Schnall's petition. Schnall then filed a lawsuit in June 2011 against Deutsche Bank and others (collectively Deutsche Bank).

On August 19, RTS recorded a third notice of trustee's sale setting a sale date in November 2011. RTS conducted the nonjudicial foreclosure sale of Schnall's property on December 2, 2011.[3]

RTS recorded a trustee's deed in favor of Deutsche Bank on December 12, 2011. On December 20, the trial court granted Deutsche Bank's CR 12(b)(6) motion and dismissed Schnall's lawsuit. We reversed the dismissal of Schnall's Deeds of Trust Act claim under CR 12(b)(6).[4]

On remand, the parties filed cross motions for summary judgment. Schnall claimed the notice of default was not transmitted by the beneficiary or a properly appointed successor trustee as required under former RCW 61.24.030(8) (2009).[5] Deutsche Bank argued that because it is the holder of the promissory note, it had the authority to conduct the nonjudicial foreclosure, and to the extent that the notice of default was defective, such defects were "non-prejudicial technicalities."

---

[3] The record does not indicate why the November 2011 sale was postponed.
[4] Schnall, 2013 WL 6097013, at *5. We affirmed dismissal of Schnall's claims under the Consumer Protection Act. Schnall, 2013 WL 6097013, at *5.
[5] LAWS OF 2009, ch. 292, § 8.

3

The trial court entered an order denying Schnall's motion for summary judgment. The court entered an order granting summary judgment in favor of Deutsche Bank. The court concluded Deutsche Bank "had possession of the Note throughout the non-judicial foreclosure of the Property" and was "the holder of the Note and beneficiary of the Deed of Trust with the requisite authority to appoint RTS to effectuate the non-judicial foreclosure." The court concluded "any defects in the Notice of Default" were "technical errors" and "non-prejudicial." Schnall appeals.

ANALYSIS

Representing himself pro se on appeal, Schnall contends that because the successor trustee was not properly appointed when it commenced the foreclosure process by transmitting the notice of default, the successor trustee did not have the statutory authority to conduct the nonjudicial foreclosure sale.

We review of the trial court's order granting summary judgment de novo. Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We view the facts and all reasonable inferences in the light most favorable to the nonmoving party. Lybbert, 141 Wn.2d at 34. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Lybbert, 141 Wn.2d at 34; Trimble v. Wash. State Univ., 140 Wn.2d 88, 93, 993 P.2d 259 (2000).

As an initial matter, we note Deutsche Bank does not respond to the substance of Schnall's argument. Instead, Deutsche Bank takes the position that Schnall "cannot raise this issue for the first time on appeal" because although he raised this precise issue in his motion for summary judgment, Schnall did not oppose Deutsche Bank's motion for summary judgment on this ground. We disagree. In its motion for summary

judgment, Deutsche Bank acknowledged the Deeds of Trust Act requires "lenders must strictly comply" with statutory procedures and the appointment of a successor trustee was recorded a month after RTS transmitted the notice of default.[6]

Statutory Authority of Trustee to Conduct Nonjudicial Foreclosure

Under the plain and unambiguous provisions of former RCW 61.24.030(8), at least 30 days before the notice of trustee's sale is recorded, transmitted, or served, "written notice of default shall be transmitted by the beneficiary or trustee to the borrower."[7] Here, RTS, not Deutsche Bank, transmitted the notice of default.

The authority of RTS to act as successor trustee is governed by former RCW 61.24.010 (2009).[8] Former RCW 61.24.010(2) sets forth the requirements to appoint a successor trustee to replace the entity named as trustee in the deed of trust. Former RCW 61.24.010(2) provides, in pertinent part:

> The trustee may resign at its own election or be replaced by the beneficiary. . . . If a trustee is not appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee.[9]

---

[6] The motion for summary judgment states, in pertinent part:

On August 19, 2010, the Trust appointed Regional Trustee Services Corporation ("RTS") as successor trustee under the Deed of Trust. . . . The appointment of successor trustee . . . was recorded with the King County Auditor's Office on September 24, 2010 as Ins. No. 20100924001361.

[7] We note the current version of RCW 61.24.030(8) includes the same language.

[8] LAWS OF 2009, ch. 292, § 7.

[9] (Emphasis added). We again note this language is unchanged in the current version of RCW 61.24.010(2).

"The only reasonable reading of [former RCW 61.24.010(2)] is that the successor trustee must be properly appointed to have the powers of the original trustee." Bavand v. OneWest Bank, FSB, 176 Wn. App. 475, 487, 309 P.3d 636 (2013). The statute makes clear that (1) the beneficiary may appoint a successor trustee if it elects to replace the trustee named in the deed of trust and that (2) only upon recording in the relevant county is the successor trustee "vested" with the powers conferred upon the trustee by the deed of trust. Bavand, 176 Wn. App. at 486-87.

Here, RTS issued the notice of default on August 24, 2010. But the record shows the appointment of a successor trustee was not recorded until a month later on September 24, 2010.

As the parties acknowledge, "lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor." Albice v. Premier Mortg. Servs. of Wash., 174 Wn.2d 560, 567, 276 P.3d 1277 (2012); Rucker v. NovaStar Mortg., Inc., 177 Wn. App. 1, 14, 311 P.3d 31 (2013). It is well established that only a lawfully appointed beneficiary has authority to conduct a nonjudicial foreclosure. Walker v. Quality Loan Serv. Corp. of Wash., 176 Wn. App. 294, 306, 308 P.3d 716 (2013); Rucker, 177 Wn. App. at 14; Bavand, 176 Wn. App. at 490. A procedural irregularity that divests the trustee of statutory authority invalidates a trustee's sale. Albice, 174 Wn.2d at 576 (Stephens, J., concurring).

For instance, in Albice, homeowners who fell behind in payments on a loan and received a notice of trustee's sale negotiated a forbearance agreement to make seven monthly payments. Albice, 174 Wn.2d at 564. Even though each payment was late, the trustee named in the deed of trust continued the date of the foreclosure sale each

time a payment was made. But when the seventh and last forbearance agreement payment was made late, the trustee proceeded with the sale. Albice, 174 Wn.2d at 564. Our Supreme Court addressed whether the trustee's sale was invalid because it took place beyond the permitted 120 days for a sale under RCW 61.24.040(6). Albice, 174 Wn.2d. at 566. In construing the Deeds of Trust Act, the court considered the three basic objectives of the act: (1) to further an efficient and inexpensive nonjudicial foreclosure process, (2) to ensure interested parties have an adequate opportunity to prevent wrongful foreclosure, and (3) to promote stability of land titles. Albice, 174 Wn.2d at 567. The Albice court noted that lenders must strictly comply with the statutory provisions and that "[p]rocedural irregularities, such as those divesting a trustee of its statutory authority to sell the property, can invalidate the sale." Albice, 174 Wn.2d at 567. The court held, "When a party's authority to act is prescribed by a statute and the statute includes time limits, . . . failure to act within that time violates the statute and divests the party of statutory authority." Albice, 174 Wn.2d at 568. The court concluded, "Without statutory authority, any action taken is invalid . . . and . . . under this statute, strict compliance is required." Albice, 174 Wn.2d at 568.

A year after the decision in Albice, this court decided two cases concerning the appointment of a successor trustee, Rucker and Bavand. In Rucker, the borrowers argued the nonjudicial foreclosure sale was invalid because NovaStar Mortgage Inc., the purported beneficiary of the deed of trust, did not hold their promissory note and did not have the power to appoint the successor trustee, Quality Loan Service Corporation of Washington (QLS). Rucker, 177 Wn. App. at 14-15. We held there were genuine

issues of material fact about whether the successor trustee conducted the nonjudicial foreclosure sale without the authority to do so. Rucker, 177 Wn. App. at 17.

> If it is determined at trial that NovaStar was not acting as the agent of a true beneficiary, then the appointment of QLS was improper, and it follows that QLS had no statutory authority to conduct the trustee's sale. As in [Schroeder v. Excelsior Mgmt. Grp., LLC, 177 Wn.2d 94, 297 P.3d 677 (2013),] and Albice, in such circumstances, vacation of the sale is a proper remedy.

Rucker, 177 Wn. App. at 17.

In Bavand, we reversed a postsale challenge to a nonjudicial foreclosure. Bavand, 176 Wn. App. at 501. In Bavand, OneWest Bank FSB, a self-proclaimed beneficiary at the time it appointed a successor trustee, relied on an assignment of the deed of trust that was executed the day after it appointed the trustee. Bavand, 176 Wn. App. at 482-83. We concluded the defective appointment of a trustee could not be cured where the entity was not a proper beneficiary under the Deeds of Trust Act. Bavand, 176 Wn. App. at 488. The successor trustee's lack of authority was "a material procedural defect and not a mere technicality." Bavand, 176 Wn. App. at 490. We held:

> Without a proper appointment, [the successor trustee] did not succeed to any of the original trustee's powers under the deed of trust. Specifically, it had no power to conduct a nonjudicial foreclosure and trustee's sale of Bavand's property. This is a material failure to comply with the provisions of the Deeds of Trust Act.

Bavand, 176 Wn. App. at 490.

Consistent with the decisions in Albice, Rucker, and Bavand, we conclude the failure of Deutsche Bank to comply with former RCW 61.24.010(2) was material and RTS did not have the statutory authority to conduct the nonjudicial foreclosure sale on

December 2, 2011. We reverse and remand to set aside the December 2, 2011

nonjudicial foreclosure sale.[10]

WE CONCUR:

_____

_____                 _____

---

[10] In light of our disposition, we do not address Schnall's other arguments or his appeal of the denial of summary judgment. An order denying summary judgment is not a final appealable order. See RAP 2.2(a).