**FILED**
**OCTOBER 23, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JERRY JASMAN, | ) | |
| | ) | No. 35424-5-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT COUNTY WASHINGTON; | ) | UNPUBLISHED OPINION |
| THE BOARD OF COUNTY | ) | |
| COMMISSIONERS FOR GRANT | ) | |
| COUNTY, WASHINGTON; AND | ) | |
| RICHARD STEVENS, CAROLANN | ) | |
| SWARTZ AND CINDY CARTER, IN | ) | |
| THEIR OFFICIAL CAPACITIES AS | ) | |
| COUNTY COMMISSIONERS FOR | ) | |
| GRANT COUNTY, WASHINGTON, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Jerry Jasman appeals from the denial of his action for indemnification by Grant County, arguing primarily that it was error not to consider an alternative theory of indemnification. Since he never presented that alternative theory to the County or the trial court, we affirm.

No. 35424-5-III
*Jasman v. Grant County, et al*

FACTS

Details of the underlying facts can be located more fully in two previous published opinions in related litigation, *Grant County Prosecuting Attorney v. Jasman*, 183 Wn.2d 633, 354 P.3d 846 (2015) (*Jasman* II), and *Grant County Prosecuting Attorney v. Jasman*, 183 Wn. App. 27, 332 P.3d 1106 (2014) (*Jasman* I). That case involved a *quo warranto* action by the prosecutor to prohibit Mr. Jasman from performing a job he was legally prohibited from holding.

When the prosecutor's action first was filed, Grant County Coroner Greg Morrison asked the County to appoint a special prosecutor to represent Mr. Jasman pursuant to RCW 4.96.041. The County Board of Commissioners initially indicated that it would grant the request, but subsequently changed its mind upon receiving advice from both the prosecutor and, later, a special deputy prosecuting attorney. Morrison and Jasman hired private counsel to represent them in that action. Both this court and the Washington Supreme Court eventually ruled that the County had no obligation under RCW 36.27.020 to pay for counsel to defend the suit. *Jasman* II, 183 Wn.2d at 646-648; *Jasman* I, 183 Wn. App. at 66-67.

After the County rejected the request for an attorney on the advice of the special prosecutor, Mr. Jasman filed the current action seeking a declaratory judgment and alternative writs of certiorari and mandamus. Clerk's Papers (CP) at 7. The relief requested was indemnity for the costs of the attorney that he hired due to the County's

2

alleged violation of RCW 4.96.041. He also alleged that the Board's decision was arbitrary and capricious in violation of its statutory duty to defend and indemnify him. The County moved for summary judgment. The case was stayed by the trial court pending resolution of the appeals taken from the *quo warranto* prosecutor's case. *See Jasman* I, 183 Wn. App. at 41.

The stay was lifted after the decision in *Jasman* II. The County renewed its motion for summary judgment in light of the two holdings that there was no basis for appointing an attorney for Mr. Jasman in the *quo warranto* action. After hearing response from Mr. Jasman, the trial court granted summary judgment and dismissed the claims.

Mr. Jasman timely appealed to this court. A panel heard oral argument on the case.

## ANALYSIS

Although Mr. Jasman presents several arguments, we need only discuss one of them.[1] He expressly sought reimbursement from the County under the authority of RCW 4.96.041. That statute did not apply to the *quo warranto* action and the trial court correctly granted summary judgment on that theory.

---

[1] We do not address the collateral estoppel and mootness arguments since we address the merits of the claim. Since that claim failed as a matter of law, there is no need to address the argument that summary judgment should have been continued in order to permit additional discovery.

Long settled standards govern our review. This court reviews a summary

judgment de novo, performing the same inquiry as the trial court. *Lybbert v. Grant*

*County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). The facts, and all reasonable inferences

to be drawn from them, are viewed in the light most favorable to the nonmoving party.

*Id.* If there is no genuine issue of material fact, summary judgment will be granted if the

moving party is entitled to judgment as a matter of law. *Id.* "A defendant in a civil

action is entitled to summary judgment if he can show that there is an absence or

insufficiency of evidence supporting an element that is essential to the plaintiff's claim."

*Tacoma Auto Mall, Inc. v. Nissan N. Am., Inc.*, 169 Wn. App. 111, 118, 279 P.3d 487

(2012).

At issue in this litigation is RCW 4.96.041. The first two paragraphs of that

statute provide:

> (1) Whenever <u>an action or proceeding for damages</u> is brought against any
> past or present officer, employee, or volunteer of a local governmental
> entity of this state, arising from acts or omissions while performing or in
> good faith purporting to perform his or her official duties, such officer,
> employee, or volunteer may request the local governmental entity to
> authorize the defense of the action or proceeding at the expense of the local
> governmental entity.
>     (2) If the legislative authority of the local governmental entity, or the
> local governmental entity using a procedure created by ordinance or
> resolution, finds that the acts or omissions of the officer, employee, or
> volunteer were, or in good faith purported to be, within the scope of his or
> her official duties, the request shall be granted. If the request is granted, the
> necessary expenses of defending the action or proceeding shall be paid by

4

the local governmental entity. Any monetary judgment against the officer, employee, or volunteer shall be paid on approval of the legislative authority of the local governmental entity or by a procedure for approval created by ordinance or resolution.

(Emphasis supplied.)

The underscored language is dispositive of this appeal. The *quo warranto* action brought against Mr. Jasman tested his qualification to hold the office of deputy coroner or to perform the specific function of signing death certificates. It was not an action for damages, nor was it an effort to recoup the salary paid to Mr. Jasman by the County. It was an action to oust Mr. Jasman from a specific office and prohibit him from performing one of the functions of that office while acting under a different job title.

RCW 4.96.041 authorizes local governments to defend their employees who are being sued for damages for actions taken during the good faith performance of their jobs. The understandable purpose of that authorization is to allow local governments to defend an action for damages that the local government likely would be required to pay. It is not an authorization for the local government to fund both sides of an action testing the qualifications of an employee to hold a job with the local government.

Perhaps impliedly agreeing, Mr. Jasman primarily focuses his appellate argument on a claim that the police power authority granted to cities and counties by art. XI, § 11 of the Washington Constitution permitted the County to indemnify him. We expressly do not address this claim. It was not presented to the superior court or to the Grant County

No. 35424-5-III
*Jasman v. Grant County, et al*

Board of Commissioners. The pleadings filed in superior court expressly asked the court to declare a duty under RCW 4.96.041, to review whether the County violated that statute, and to enforce that statute by writ of mandamus. CP at 7. At no time did Mr. Jasman ask the trial court to act under any other theory. As we have noted many times, a trial court simply cannot abuse discretion or otherwise err by failing to consider discretion or authority it was never requested to exercise. *E.g.*, *Colo. Structures, Inc. v. Blue Mountain Plaza, LLC*, 159 Wn. App. 654, 660, 246 P.3d 835 (2011).

Similarly, we do not understand how the Board of Commissioners can be faulted for not exercising discretion it was never asked to exercise. Even if we assume there was a discretionary[2] police power authority to indemnify employees for legal expenses unrelated to a damages claim, no such request was made in this case. Mr. Jasman's general request for an attorney was rejected on the basis that RCW 4.96.041 did not authorize it. He never asked the County to exercise its discretion under the policy power to grant him an attorney or to indemnify him. Having failed to call this alleged authority to the attention of the Board of Commissioners, he cannot now fault them for failing to act under that authority.

---

[2] Appellant's counsel agreed at oral argument that the police power authority would be a discretionary decision for local government.

6

No. 35424-5-III
*Jasman v. Grant County, et al*

The order granting summary judgment is affirmed.[3]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

---

[3] We deny appellant's motion to strike the respondent's second statement of additional authority because the issues were fairly raised by the oral argument in this court. We also note, however, that those authorities played no part in this opinion.