YU, J. (concurring)
¶ 13 I agree with the result the majority reaches in this case. However, I would go one step further and explicitly hold that trial courts must always enter findings of fact and conclusions of law when denying a rightful owner's request for an injunction to remove a trespasser from private property. I therefore respectfully concur.
*546 ¶ 14 Petitioners Ricardo and Luz Garcia proved that respondents Ted and Audean Henley wrongfully built their fence on the Garcias' property. The Garcias were therefore presumptively entitled to an injunction ordering the Henleys to remove the fence and stop violating the Garcias' sacred right to the exclusive use and possession of their private property. Proctor v. Huntington , 169 Wash.2d 491, 504, 238 P.3d 1117 (2010) ; Arnold v. Melani , 75 Wash.2d 143, 152, 449 P.2d 800, 450 P.2d 815 (1968).
¶ 15 The only way for a trespasser to avoid such an injunction is to prove all five of the Arnold elements by clear and convincing evidence. Arnold , 75 Wash.2d at 152, 449 P.2d 800, 450 P.2d 815. If the trespasser meets this burden, then the court may deny an injunction to the rightful owner, and instead order an equitable remedy that compensates the owner but does not require the trespasser to leave. Proctor , 169 Wash.2d at 500, 238 P.3d 1117. The trial court in this case did attempt to fashion such an equitable remedy, essentially ordering the Garcias to sell the encroached portion of their property to the Henleys for $500. The Garcias appealed.
¶ 16 Where this type of order is entered without findings of fact and conclusions of law about each Arnold element, as it was here, appellate courts can almost never determine from the record whether the order was properly issued. Therefore, it is almost always necessary to reverse and remand for the entry of findings and conclusions. Garcia v. Henley , No. 34189-5-III, slip op. at 4-5, 2017 WL 1376878 (Wash. Ct. App. Apr. 11, 2017) (unpublished) (Fearing, C.J., dissenting in part), http://www.courts.wa.gov/opinions/pdf/341895_unp.pdf. To avoid such inefficiency in future cases, I would explicitly hold that trial courts must enter findings of fact and conclusions of law on each Arnold element in all cases where a private property owner is denied an injunction to eject a proven trespasser.
¶ 17 However, I agree with the majority in result that this is one of the rare cases where we can simply reverse, rather than remanding for the entry of findings and conclusions.
*547 The record does not indicate that the trial court actually found that the Henleys failed *246 to meet their burden and then merely neglected to enter those findings. Contra majority at 245 ("The absence of findings of fact relating to the Arnold elements is equivalent to a finding of their absence."). We cannot know for certain what the trial court thought, but we do know that the court denied the Garcias' request for an injunction to eject the Henleys without stating any factual basis for doing so. This can indicate only that the trial court failed to undertake the appropriate analysis of the Arnold elements and did not make the necessary findings in the first place. The court's failure to do so was likely caused by the Henley s' failure to properly raise that issue, neglecting to even allude to either Arnold or Proctor in their answer to the complaint, in their trial brief, or at any other point in the proceedings prior to closing argument at the bench trial. See majority at 243; Garcia , slip op. at 5-6 (Fearing, C.J., dissenting in part).
¶ 18 Thus, in this particular case, we can be certain of three dispositive points of law and fact, allowing us to reverse based on the record presented rather than remanding for the entry of explicit findings and conclusions. First, the fundamental rule of encroachment law is that trespassers must bear the burden of establishing by clear and convincing evidence that, despite their trespass, they are entitled to stay where they are and pay damages to the rightful property owners. Second, if the trespassers do not meet their burden, then the owners are absolutely entitled to ejectment. And third, because it is indisputably clear from the record that the Henleys never even pleaded that they should receive an equitable remedy instead of being ejected, the Garcias are entitled to ejectment as a matter of law. Lybbert v. Grant County , 141 Wash.2d 29, 40, 1 P.3d 1124 (2000).
¶ 19 Therefore, I agree with the majority that an order must issue on remand directing the Henleys to remove their fence from the Garcias' property. I respectfully concur.