FILED
7/28/2025
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| R.M., individually,<br><br>               Appellant,<br><br>       v.<br><br>KING COUNTY, a political subdivision of the State of Washington,<br><br>               Respondent. | No. 87143-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — R.M. appeals the trial court's summary judgment ruling dismissing her negligence claim against King County. Finding no error, we affirm.

I

In our prior opinion in this case, we recounted the relevant facts and procedural history as follows:

> In 1993, when R.M. was 16 years old, she was introduced to Michael Landry and Rochelle King. R.M. moved into their home in Bellevue to work as a nanny for Landry and King's children. During the same timeframe, Landry and King were operating a prostitution ring. As part of their enterprise, Landry and King operated a massage parlor—The Golden Touch.

> From 1992 to 1994, the King County Sheriff's Office Vice Unit was investigating Landry and King. In December 1993, King County Detective Jon Holland was assigned to the investigation. Other law enforcement agencies were investigating Landry and King's various prostitution enterprises.

As early as December 1993, Detective Holland had information that minors were involved in the operations. In February 1994, Holland interviewed a witness forced to perform sex work by Landry at 14 years old.

Shortly after R.M. began nannying for Landry and King, Landry began sexually assaulting R.M. R.M. was also forced to work in the massage parlor and she was trafficked repeatedly through Landry and King's escort service.

While working in the massage parlor, R.M. recalled at least two encounters with unidentified police officers. Once she was asked for identification (ID). R.M. was not allowed to carry an ID and, at some point, her ID was taken from her by King. R.M. recalled lying and telling the officer she was 18. She was unable to ask for help. On another occasion, R.M. recalled King telling her that a massage customer was an undercover police officer. The customer was in plainclothes. R.M. gave him a normal massage. He did not ask R.M. her age or for other services, and R.M. did not ask for help.

Law enforcement learned the address of Landry and King's home in Bellevue as early as February 1993. While law enforcement did receive a tip that a vulnerable victim, not R.M., might be living with Landry, they did not receive information that a minor was being held captive in the home.

Sometime in late winter or early spring 1994, R.M. escaped from Landry and King's home.

In July 1994, R.M. gave a written statement to Detective Holland and disclosed working through Landry's escort service and in the massage parlor. Detective Holland's contemporaneous follow-up report on the investigation described the interaction as follows:

> 07-26-94 1845 – I took a written statement from [R.M.] She is a juvenile who [says] that she went on about 300 dates while being employed by Landry/King. The dates were escort call outs and "servicing" clients which came into the massage parlor. She said in her statement that Landry/King trained her in the operation of escort services and massage parlors.

This is the first mention of R.M. in the investigation records.

The investigation was completed in 1994 and Landry and King pleaded guilty to six counts of promoting prostitution. Landry and King were charged with promoting the prostitution of R.M. from October 1, 1993 through February 28, 1994.

In 2022, R.M. sued the County asserting claims of negligence and outrage. The County moved for summary judgment and sought dismissal of R.M.'s claims.

. . . .

The trial court granted the County's motion for summary judgment in part and denied it in part. The trial court found that the negligence claim failed as a matter of law and dismissed the claim. The trial court explained:

> There exists no claim for negligent investigation in Washington. Under the Public Duty Doctrine, a government entity, including law enforcement, is not liable for its negligent conduct unless it has a specific duty that is owed to the injured person in particular and separate from the general duty owed to the public to enforce laws. The Court finds as a matter of law that none of the four exceptions to the public duty doctrine apply in this case. The Court further finds that there is no evidence of any affirmative misfeasance that would create a duty to act under § 302B of the Restatement of Torts. Therefore, King County owed no duty.

But the trial court found "there remain issues of material fact that make summary judgment improper as to the claim of outrage and the statute of limitations."

The County unsuccessfully moved for reconsideration. The County moved for discretionary review, which was granted by a commissioner of this court. The trial court proceedings have been stayed pending the outcome of this appeal.

*R.M. v. King County*, No. 84903-4-I, slip op. at 1-4 (Wash. Ct. App. July 8, 2024)

(unpublished), https://www.courts.wa.gov/opinions/pdf/849034.pdf (footnotes

omitted). Further addressing R.M.'s negligence claim, we added:

> R.M. asks this court to review the dismissal of her negligence claim. But R.M. did not file a motion for discretionary review under RAP 2.4(a) or seek cross review under RAP 5.1(d). We decline to consider R.M.'s arguments on the negligence claim. This does not preclude R.M. from appealing the dismissal once it becomes a final order. RAP 2.2(a).

*Id.* at 4 n.3. We then proceeded to review—and reverse—the trial court's ruling regarding R.M.'s outrage claim, noting: "R.M. did not establish the existence of a material question of fact concerning the County's conduct. We conclude that summary judgment should have been granted." *Id.* at 10.

The court thereafter issued its mandate remanding the matter to the trial court for further proceedings consistent with our opinion. In accordance with the mandate, the trial court entered an order granting the County's motion for summary judgment as to all claims and dismissed the case with prejudice. This timely appeal followed.

II

R.M. argues the trial court erred in granting summary judgment in favor of the County on her negligence claim. More specifically, she asks "that this Court reinstate the negligence claim filed under RCW Chapter 26.44." We decline to do so for the reasons that follow.

We review an order granting summary judgment de novo. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). "Summary judgment is appropriate only 'when the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 547, 374 P.3d 121 (2016) (quoting *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)). "The moving party bears the burden of demonstrating there is no issue of material fact, and all facts and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party." *Id*. Also, whether a party owes a duty in tort to another party is a question

of law. *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 128, 875 P.2d 621 (1994). We review questions of law, including duty, de novo. *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 597, 257 P.3d 532 (2011). This court also interprets statutes de novo. *Yaron v. Conley*, 17 Wn. App. 2d 815, 825, 488 P.3d 855 (2021).

The centerpiece of R.M.'s argument is RCW 26.44.050.[1] At the time of the County's investigation of Landry and King's prostitution enterprises, RCW 26.44.050 stated in relevant part as follows:

> Upon the receipt of a report concerning the possible occurrence of abuse or neglect, it shall be the duty of the law enforcement agency or the department of social and health services to investigate and provide the protective services section with a report in accordance with the provision of chapter 74.13 RCW, and where necessary to refer such report to the court.

> A law enforcement officer may take, or cause to be taken, a child into custody without a court order if there is probable cause to believe that the child is abused or neglected and that the child would be injured or could not be taken into custody if it were necessary to first obtain a court order pursuant to RCW 13.34.050. The law enforcement agency or the department of social and health services investigating such a report is hereby authorized to photograph such a child . . . for the purpose of providing documentary evidence of the physical condition of the child . . . .

Former RCW 26.44.050 (1993). The same act defines "Child abuse or neglect" to include both sexual abuse and exploitation. Former RCW 26.44.020(12) (1993). According to R.M., "law enforcement officers have a duty to the subjects of child

---

[1] R.M. also relies on RCW 26.44.030, but it does not support her argument. Currently, RCW 26.44.030(1)(a) requires law enforcement officers to report suspected child abuse or neglect when there is reasonable cause to believe a child has suffered such abuse or neglect. But the prior versions of this statute in effect during the events at issue in this case did not refer to or impose a reporting duty on law enforcement officers. *See* Former RCW 26.44.030 (1993); Former RCW 26.44.030 (1991). Thus, RCW 26.44.030 cannot support a claim that the County owed and breached a mandatory reporting duty to R.M.

abuse investigations under RCW 26.44.050" and, relatedly, the "record supports a clear negligence claim under RCW Chapter 26.44."

In support of this argument, R.M. cites *Lewis v. Whatcom County*, 136 Wn. App. 450, 149 P.3d 686 (2006). In *Lewis*, while the Whatcom County Sheriff's Office was investigating a report of child abuse against another alleged victim, the sheriff's office received information that Lewis was likely also being abused. *Id.* at 452-53. Despite that information, the sheriff's office did not investigate the additional allegations regarding Lewis. *Id*. at 453. The court held that because Lewis was the subject of *specific allegations* of abuse, she was within the class of persons for whose benefit RCW 26.44.050 was enacted, and the sheriff's office therefore owed her a duty to investigate the allegations of child abuse with reasonable care. *Id.* at 460.

Though R.M. relies heavily on *Lewis*, she ignores *Boone v. Dep't of Soc. & Health Servs.*, 200 Wn. App. 723, 403 P.3d 873 (2017), which distinguishes *Lewis* and reaches a different conclusion on different facts. Specifically, the court in *Boone* held as follows:

> As it relates to the investigations done in 1992, 1997, and January 2006, the Boone children are not within the class of persons for whose benefit RCW 26.44.050 was enacted. The Boones allege that they are within the class of persons because RCW 26.44.050 was enacted to protect all abused children. But, the Boone's reading of the class of persons for whose benefit RCW 26.44.050 was enacted is too broad. Under RCW 26.44.050, the duty to investigate with reasonable care is triggered by "a report concerning the possible occurrence of abuse or neglect." Therefore, the class of persons protected by the duty to investigate are the children who are the subjects of a report of possible abuse or neglect. Insofar as the Boones rely on the investigations into the abuse of other children in the day care in 1992, 1997, and January 2006, the Boones are not within the class of persons for whose benefit RCW 26.44.050 was

6

enacted because the Boone children were not the subjects of the reports of alleged abuse that triggered those investigations.

200 Wn. App. at 734 (internal record citations omitted).  The court therefore held "the Department's duty to investigate with reasonable care does not extend to the Boones under their theory of the case." *Id.* at 736.

Critical here, the plaintiffs in *Boone* also relied heavily on *Lewis* as well as another case—*Yonker v. Dep't of Soc. & Health Servs.*, 85 Wn. App. 71, 930 P.2d 958 (1997)—that similarly addressed the class of persons for whose benefit the legislature enacted RCW 26.44.050.  *See* 85 Wn. App. at 79-81.  Distinguishing these authorities, the court in *Boone* held that "neither case supports the conclusion that children and families who were not the subject of the report triggering the investigation are within the class of persons for whose benefit RCW 26.44.050 was enacted."  *Boone*, 200 Wn. App. at 734.  The rule that emerges from these authorities is clear:  while law enforcement officers owe a duty to investigate with reasonable care to a child who is being abused or neglected when it receives a report concerning the possible occurrence of abuse or neglect *of that child*, that duty is owed solely to that child and not to any other child who is not the subject of the report of alleged abuse or neglect.

*Boone* is dispositive here.  As recounted in this court's prior opinion, law enforcement received a tip in 1993 "that a vulnerable victim, not R.M., might be living with Landry" and "did not receive information that a minor was being held captive in the home."  *R.M.*, slip op. at 2-3.[2]  Our prior opinion also notes:  "While

---

[2] While the law of the case doctrine does not apply to factual statements, *see Pac. Coast Shredding, LLC v. Port of Vancouver, USA*, 14 Wn. App. 2d 484, 503, 471 P.3d 934 (2020), neither party has asked that we revisit any portion of our prior opinion under RAP 2.5(c)(2).

7

a parent provided the information to law enforcement, it is unclear from the record if this victim was a minor or a vulnerable adult." *Id.* at 3 n.1. This is analogous to the situation in *Boone*, where someone *other than* the plaintiff was the subject of a report concerning the possible occurrence of abuse or neglect. 200 Wn. App. at 734. Accordingly, as in *Boone*, the County's duty to investigate with reasonable care does not extend to R.M. under her theory of the case.

Nor does it matter here that R.M. eventually gave a written statement to law enforcement regarding Landry and King's prostitution enterprises. As our prior opinion notes, R.M. gave that statement to Detective Holland in July 1994, and it "is the first mention of R.M. in the investigation records." *R.M.*, slip op. at 3. But in July 1994, when R.M. gave this statement, law enforcement could no longer take her into custody under RCW 26.44.05 because, as our previous opinion also notes, "Sometime in late winter or early spring 1994, R.M. escaped from Landry and King's home." *R.M.*, slip op. at 3. R.M.'s reliance on her previous statement to Detective Holland is therefore unavailing.

Lastly, our holding here is also consistent with the public duty doctrine, which the trial court relied on below. "The policy behind the public duty doctrine is that legislation for the public benefit should not be discouraged by subjecting the government to unlimited liability for individual damages." *Donohoe v. State*, 135 Wn. App. 824, 834, 142 P.3d 654 (2006). Accordingly, if a statutory duty is owed to the public, then "no claim for negligence may be supported as a matter of law." *Blackwell v. Dep't of Soc. & Health Servs.*, 131 Wn. App. 372, 379, 127 P.3d 752 (2006). As the court explained in *Boone*, "a duty owed to all is a duty owed to none." 200 Wn. App. at 740 (quoting *Munich v. Skagit Emergency Commc'n Ctr.*,

8

175 Wn.2d 871, 878, 288 P.3d 328 (2012)). Conversely, if a statutory duty is owed to a particular individual, rather than the public as whole, the public duty doctrine does not preclude liability *Munich*, 175 Wn.2d at 878.

*Boone* properly effectuates this distinction between a duty owed to the public—where there is reason to believe someone is abusing or neglecting a minor *without a report identifying the alleged victim*—and a duty owed to an individual— where there is a report that a *specific victim* is being abused or neglected. Here, the report at issue, at most, identified a victim *other than* R.M. Thus, at most, law enforcement owed a duty to that victim. Because there is no evidence that law enforcement received, prior to when R.M. escaped, a report that she was being abused or neglected, the County's duty to investigate with reasonable care does not extend to her under her theory of the case. As such, the trial court did not err in dismissing her claim on summary judgment.[3]

Affirmed.

Feldman, J.

WE CONCUR:

Coburn, J.                                         , ACJ

---

[3] Because the trial court did not err in dismissing R.M.'s negligence claim against the County based on the absence of any duty owed to her under RCW 26.44.050, we need not reach the County's other asserted bases for dismissal.