**FILED**
**JULY 31, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ALLAN MARGITAN and GINA MARGITAN, husband and wife, | ) ) ) | No. 39725-4-III (consolidated with No. 39771-8-III) |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MARK AND JENNIFER HANNA, husband and wife, | ) ) ) | |
| Respondents. | ) ) ) | |

LAWRENCE-BERREY, C.J. — Allan Margitan and Gina Margitan appeal a 2016 partial summary judgment order dismissing their first claim (unauthorized expansion of easement) and their third claim (declaratory judgment). Those two claims concern the rights of Mark Hanna and Jennifer Hanna to use a private easement for travel to and from the Wickholm property. The Hannas cross appeal a 2023 partial summary judgment order requiring them (and their guests, invitees, and renters) to cease and desist using the private easement for travel to and from the Wickholm property.

The two orders were entered by different judges and are inconsistent with each other. We conclude (1) the first trial judge erred by dismissing the Margitans' two causes of action, and (2) to the extent the second trial judge simply declared the parties' rights, there is no error. We remand for entry of judgment consistent with that order.

FACTS

*Background*

The Margitans and Hannas are neighbors in Nine Mile Falls, Washington. Spokane County Building and Planning approved Short Plat 1227-00 (the Plat) on March 19, 2002. The Plat consists of three, approximately five-acre, parcels. The parcel owners access their properties through a private easement. In April 2002, the Margitans purchased "Parcel 1" and "Parcel 86." In May 2002, the Hannas purchased "Parcel 2." In February 2010, the Margitans purchased "Parcel 3." In September 2010, the Hannas purchased a parcel adjacent to the Plat, which the parties identify as the "Wickholm property." The legal access point for the Wickholm property is Shafwick Lane. Below is a visual representation:



Clerk's Papers (CP) at 566.

The Hannas' home is located on Parcel 2. When the Hannas travel to the Wickholm property, either to go to a structure on that property or to access Long Lake, they usually either walk or drive a golf cart across the private easement and use an

undeveloped rough rocky road.[1]  At various times, the Hannas' adult children and their

families have lived either in their home on Parcel 2 or in structures/trailers on the north

end of the Wickholm property.  On the occasions when their adult children drive a

vehicle from the Wickholm property to the Hannas' home on Parcel 2, it is either to visit

them or to drop off a pet.  On those occasions, their adult children will access the main

road by driving south on the private easement rather than back across the undeveloped

road.

*Procedural History*

*A.  Hanna v. Margitan, Superior Court Cause No. 12-2-04045-6*

The litigation history between the two parties dates back to 2012.  The Hannas

filed the first action in October 2012 in the Spokane County Superior Court No.

12-2-04045-6.  In that action, the Hannas commenced a quiet title action to determine the

existence and scope of recorded easements potentially affecting the Plat properties and

their adjacent Wickholm property.  With respect to the Wickholm property, the Hannas

alleged:

---

[1] We infer from the record that the Hannas access the rocky road from their own property, not by going north to the private easement on Parcel 3, owned by the Margitans.
    We do not construe the Margitans as trying to prohibit the Hannas (or third persons) from crossing the private easement on the Hannas' own property to travel between the Hannas' two properties.  That would be absurd.  This point should be clarified in the final judgment.

16.    WICKHOLM PROPERTY USE OF SHORT PLAT 1227
       EASEMENT.   Hanna purchased the Wickholm Property in 2010.
       The Wickholm property, which is contiguous to Parcel 2, also
       owned by Hanna, does not have access to the [private] easement
       noted on Short Plat 1227.  If Hanna uses the [private] easement from
       the Wickholm property specifically designated for the exclusive use
       of Parcels 1, 2 and 3 of Short Plat 1227 then Hanna will be liable in
       trespass and such use, by law, will be an overburdened use of the
       Short Plat 1227 easement by Hanna. . . .   Hanna contends that since
       there is only a single family home on Parcel 2, that Margitan has
       known about the use of the [private] easement on Short Plat 1227 by
       Hanna from the Wickholm property for 2 years and that although
       technically a trespass exists, so long as Margitan can show no harm
       beyond the current use of the easement from Parcel 2, Hanna may
       continue to use the [private] easement from the Wickholm property.

CP at 198-99.  In response to paragraph 16, the Margitans admitted that the Hannas' use

of the private easement to travel to and from the Wickholm property would be a trespass

and denied any remaining allegations.

The parties filed cross motions for partial summary judgment.  The trial court

partly granted and partly denied the motions.  With respect to the Hannas' claim that they

could use the private easement for travel to and from their Wickholm property, the trial

court denied the Margitans' request to dismiss that claim, determining "[t]here are

questions of fact as to the parties [sic] understanding as to whether Hanna was authorized

by [the Margitans] to use [the private] easement to access the Wickholm Property."

CP at 663.

On the morning of the April 2015 trial, the Hannas orally moved the court for dismissal under CR 41. A written order was not entered at that time.

One month later, the Margitans brought a motion for injunctive relief for the court to prohibit the Hannas and their guests from using the private easement for travel to and from the Wickholm property. The Hannas contested that motion. The Margitans soon after withdrew their motion, explaining:

> "The withdrawal is based on the posture of the case and the uncertainty of procedural issues which may be raised due to the pending dismissal. [We] have elected to withdraw the motion and file a separate complaint on the issue to prevent further delay in dismissing the case and additional expense in the event of appeal."

CP at 564.

One week later, in June 2015, the Hannas presented and the court entered the written order of dismissal. The order provides in relevant part: "The . . . claims of the Hannas, not otherwise disposed [of] by court order, are DISMISSED with prejudice." CP at 73. Because the Hannas' claim that they could use the private easement for travel to and from the Wickholm property had not been disposed of by court order, the effect of this order was to dismiss that claim with prejudice.

### B. *Margitan v. Hanna, Superior Court Cause No. 15-2-03507-4*

In August 2015, the Margitans filed the present action against the Hannas. The action asserted three claims against the Hannas: (1) unauthorized expansion of the scope

6

of the private easement and/or easement trespass, (2) acts of repeated nuisance, and (3) a declaratory judgment finding the Hannas' scope of use and/or trespass of the private easement to be illegal, unauthorized, and intentional. The overarching allegation in the complaint was that the private easement was exclusively reserved for access to the Plat parcels, and the Hannas and third persons improperly used the private easement to travel to and from the Wickholm property.

In early 2016, the Hannas filed a motion for summary judgment. The Hannas argued that the dismissal of the 2012 action barred the Margitans from disputing their use of the private easement to travel to and from their Wickholm property. The Hannas additionally argued that the Margitans' claims were barred because they were unasserted compulsory counterclaims in the 2012 lawsuit. In turn, the Margitans filed a motion for summary judgment seeking a declaratory judgment prohibiting the Hannas and others from using the private easement to travel to and from the Wickholm property.

The trial court granted in part and denied in part the Hannas' motion for summary judgment. In partly granting the Hannas' motion, the court concluded that the Margitans had the opportunity to litigate the private easement issue, failed to litigate or expressly reserve their rights, and were therefore barred by res judicata from preventing the Hannas' use of the private easement for travel to and from the Wickholm property. In partly denying the Hannas' motion, the court refused to dismiss the Margitans' trespass

claim insofar as that claim consisted of actions occurring after June 2015 when the Margitans withdrew their motion in the 2012 action.[2]

The 2015 action was stayed due to a petition for bankruptcy filed by the Hannas. The first judge passed away in 2018, so once the stay was lifted one year later, the matter was assigned to a second judge.

In 2023, the Margitans filed a motion for partial summary judgment requesting that the court order that the Hannas' guests cease using the private easement for traveling to or from the Wickholm property and to find the Hannas liable for nuisance and trespass with respect to such use. The Hannas opposed the motion. The trial court partly granted and partly denied the Margitans' motion. It ordered "the Hannas' guests, invitees or renters are to immediately cease and desist from further use of the easement road . . . for ingress and egress to the . . . 'Wickholm property.'" CP at 760. It also ordered the Hannas to not directly access the Wickholm property from the private easement. But it concluded that genuine issues of fact precluded holding the Hannas liable for nuisance and trespass.

---

[2] The trial court's order is seemingly inconsistent. On one hand, it precludes the Margitans from preventing the Hannas from using the private easement to travel to and from the Wickholm property but, on the other hand, it permits the Margitans to sue the Hannas for trespass damages for using the private easement to travel to and from the Wickholm property.

After the trial court entered the 2023 partial summary judgment order, the Margitans dismissed their claims of nuisance and trespass[3] and appealed the first judge's 2016 partial summary judgment order. The Hannas cross appealed the second judge's 2023 partial summary judgment order.

## ARGUMENT

The Margitans argue the first trial judge misapplied res judicata to dismiss two of their three causes of action. The Hannas argue the second trial judge erred by not applying res judicata in a manner similar to the first trial judge. We agree with the Margitans.

*Standard of Review*

We review summary judgment orders de novo. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

_____

[3] The Margitans sought to dismiss those claims without prejudice, so the 2015 action would be appealable as of right. At the presentation of the dismissal order, the trial court interlineated that the dismissal was with prejudice, except as to future nuisance/trespass claims. Although the Margitans appealed the interlineated dismissal order, they fail to provide meaningful argument why those claims should be revived. We do not consider arguments undeveloped in the briefs and for which a party has not cited

*Res Judicata*

"The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit." *Ensley v. Pitcher*, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). "[D]ismissal on res judicata grounds is appropriate where the subsequent action is identical with a prior action in four respects: '(1) persons and parties; (2) causes of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made.'" *Id.* at 902. The parties do not dispute that res judicata applies here but rather how res judicata should be applied.

Pertinent here, a trial court's dismissal of an action with prejudice constitutes a final judgment on the merits. *Elliott Bay Adjustment Co. v. Dacumos*, 200 Wn. App. 208, 213, 401 P.3d 473 (2017). Thus, the Hannas' dismissal with prejudice of their 2012 claim that they could use the private easement to travel to and from the Wickholm property constituted a final judgment on the merits *against* their claim.

The Hannas pose a clever argument around this otherwise obvious result. Citing the compulsory counterclaim rule of CR 13(a), they argue the Margitans were required to file a compulsory counterclaim for trespass or declaratory relief in the 2012 action and that the Margitans' failure to do so barred them from seeking similar relief in the 2015 action. We disagree.

---

authority. *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986).

The purpose of the compulsory counterclaim rule is to prevent piecemeal litigation. *Chukri v. Stalfort*, 200 Wn. App. 870, 875, 403 P.3d 929 (2017). In the 2012 pleadings, the Hannas asserted they would be trespassers if they used the private easement for travel to and from the Wickholm property but sought court permission to do so. The Margitans admitted that the Hannas would be trespassers if they used the private easement in this manner and denied that the court should permit them to trespass. Given the framing of the access dispute, the Margitans were not required to file a counterclaim to reassert the undisputed fact that the Hannas were seeking to trespass. Had the access dispute proceeded to a judicial resolution, the pleadings were sufficient for the court to fully decide the dispute. Piecemeal litigation would not have been required.

We conclude the first trial judge erred by misapplying res judicata. The Hannas had dismissed with prejudice their claim that they should be permitted to use the private easement for travel to and from the Wickholm property, and this dismissal constituted a final determination on the merits *against* them. The first trial judge, by terming the Margitans' 2015 trespass claim an unasserted compulsory counterclaim in the dismissed 2012 action, permitted the Hannas to prevail on this issue that they had earlier lost. The first trial judge misapplied res judicata to reverse the result of the prior determination.

11

*Cease and Desist Order*

The Hannas argue the second trial judge erred by ordering them, including their guests, invitees, and renters, to cease and desist using the private easement for travel to and from the Wickholm property. They argue the relief the Margitans requested was a temporary restraining order, and the trial court erred by granting this relief without appropriate notice and procedures.

The Hannas raised this argument to the second trial judge after the court's oral ruling. The trial judge then clarified that he had not intended to enter a temporary restraining order, but rather, intended to summarily declare the parties' rights. To this extent, the second trial judge's order is consistent with our conclusion of the parties' rights, and we see no error. We nevertheless remand for the trial court to enter judgment consistent with its ruling, to foreclose any confusion whether its partial summary judgment order was nullified by the later-entered order of dismissal.

*Attorney Fee Sanctions on Appeal*

After briefing, the Margitans filed a motion seeking to dismiss the Hannas' cross appeal as frivolous and requested an award of attorney fee sanctions under RAP 18.9(a). That motion was referred to this panel for resolution.

An appeal is frivolous, within the meaning of RAP 18.9(a), if considering the record as a whole, there are no debatable issues on which reasonable minds might differ

and the appeal is totally devoid of merit. *In re Recall of Boldt*, 187 Wn.2d 542, 556, 386

P.3d 1104 (2017). We earlier described the Hannas' argument as "clever." It certainly

confounded the first trial judge. Some clever arguments are nonfrivolous. We conclude

that the Hannas' argument is nonfrivolous, and we decline to impose attorney fee

sanctions against them.

Reversed in part, affirmed in part.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.

Murphy, J.

13